## Campbell *v.* Campbell.

Where a total divorce is granted upon the application of the wife,
permanent alimony generally follows as a matter of right.  Hence,
where a wife sued for a total divorce on the ground of cruel treat-
ment, and in her petition prayed for permanent alimony, and the
evidence showed that the wife had no separate estate or means of
support and that the husband was able to support her, a verdict
granting the divorce but denying alimony was contrary to law in
so far as it denied alimony.

January 6, 1893.

Divorce.   Alimony.   Verdict.   Before Judge Hutch-
ins.   Franklin superior court.   March term, 1892.

McCurry & Proffitt, by brief, for plaintiff.

No appearance *contra.*

Simmons, Justice.

Mrs. Campbell sued for a divorce upon the ground of
cruel treatment, and in her petition prayed for perma-
nent alimony.   A cross-libel was filed by the husband,
objecting to the grant of her petition and applying for
a divorce in his own favor.   The second verdict granted
the wife a total divorce, but refused alimony; and a de-
cree was entered by the court in accordance with the
verdict.   Mrs. Campbell moved for a new trial upon the
grounds that the verdict was contrary to law and the
evidence and contrary to the principles of justice and
equity.   The motion was overruled, and she excepted.

Upon the trial it was shown, and was undenied, that
the husband was possessed of a considerable estate,
amounting in value to several thousand dollars, and that
he was a young man, stout, industrious and energetic,
running a farm, saw-mill, etc.   It was also shown that
the plaintiff is a young woman now living with her
father, to whose house she went after the separation
from her husband, that she is in bad health and without
property of her own, and according to the weight of
the evidence she is an invalid and unable to work.

The defendant having acquiesced in the verdict, it must for the purposes of this case be taken for granted that the husband was in fault and that there was sufficient cause for a divorce in the wife's favor. This being so, and it being shown without contradiction that the husband is well able to support her and that she is unable to support herself, alimony must follow as a matter of right, and in so far as the verdict refused it, it is contrary to law and the evidence. The amount, of course, is discretionary with the jury.

A wife is entitled to support by her husband until the right is forfeited by her own misconduct; and in some cases alimony has been allowed her even where the divorce was in favor of the husband. In all cases where the divorce is in her favor, permanent alimony, if properly applied for, must be allowed when it is shown that the husband is able to provide for her, unless it should appear that she has sufficient means of her own or that some settlement or provision has been made for her which will stand in lieu of it. As was said by NISBET, J., in *McGee* v. *McGee*, 10 *Ga.* 483: "After a decree for divorce which establishes the husband's delinquency, a provision for the wife is the equitable consequence of his violation of his conjugal obligations. He being in the wrong, it would be a strange perversion of right to turn her adrift upon the charities of the world, he retaining her patrimonial inheritance; and if she had none, then it would be still flagrantly unjust, as well as morally impolitic, to deny to her that support which, whilst under coverture, religion and the laws accord to a wife at the hands of her husband." The grant of alimony in such cases is not a mere matter of discretion. It was not so at common law, and our statutes have not rendered it so. It is true that at common law no alimony was allowed where the divorce was total, but this was for the reason that such divorces

were granted only for causes existing at the marriage and which rendered it void *ab initio*, and where, consequently, it was considered that no marital rights had accrued.   Our statutes, however, having provided for the total divorce of parties validly married, extended also the right of alimony to cases of total divorce.   The code, §1744, declares that "permanent alimony is granted in . . cases . . of divorce as considered in the former section"; and the "former section" referred to is not a section numbered by Arabic numerals in the margin, but the section numbered II in Roman letters in the open space which extends clear across the page (page 394).   That section deals with total as well as partial divorce.   Construing our statutes in the light of the common law, as well as in accordance with sound principle and policy, the right of the wife to a provision by the husband in her favor is the same whether the divorce is from bed and board only, or a total dissolution of the marriage,—at least if a valid marriage has subsisted; and the grant of such provision is no more a mere matter of discretion in the one case than in the other.   Certainly where the misconduct of the husband is so grave as to require a total divorce, his liability is no less than where his acts are merely such as to authorize a separation from bed and board.

In Bishop's New Commentaries on Marriage, Divorce and Separation, vol. II, §§830, 831 (ed. 1891), it is said: "The husband cannot abandon his obligations to his wife; therefore, where in any case the law authorizes her to live apart from him by reason of his ill conduct, it consequently requires him to maintain her while so living.   Hence, a decree for separation in favor of the wife, where the funds which in cohabitation should support the husband and her, are vested in him, must, if so she prays, be attended by a decree for alimony." And this rule he treats as applicable to cases of total as well

as of partial divorce, where the statute allows alimony
in the former.    (§§1064, 1065.)    The language of the
court in an English case on this subject is so forcible
and appropriate that we quote from it at length.    (Sid-
ney v. Sidney, 4 Swab. & T. 178.)    This case was de-
cided since the adoption of the English Divorce Act,
(20 & 21 Vict. c. 85), which allows total dissolution for
causes which at common law were grounds merely for
divorce from bed and board.   The court, in holding that
alimony should be the same in such cases as though
the divorce was from bed and board, said :   " The needs
of the wife and the wrong of the husband are the same
in both cases.   In both cases the husband has of his
own wrong and wickedness thrust forth his wife from
the position of participator in his station and means.
Obliged in both cases to withdraw from his home, she
is, without any fault of her own, deprived of her fair
and reasonable share of such necessaries and comforts
as lay at his command.   Why should not the husband's
purse be called upon to meet both cases alike ?   It has
been said that in the one case she remains a wife, and
in the other she does not.   The remark would carry
great weight if the provision were intended to continue
in the event of her second marriage ; but it can hardly
affect the rate of allowance made and continued so long
only as the wife remains chaste and unmarried.   .   .
A  very  large  number  of  the  divorce cases since the
act have been petitions by the wife for cruelty and adul-
tery, or desertion and adultery.    And among certain
classes of the community a very common thing indeed
is that of a young husband, who, either not agreeing
with his wife or getting tired of her shortly after mar-
riage, endeavors to shake her off.   In this endeavor he
generally begins by treating her with neglect and con-
tempt, often half-starves her, often beats her, often in-
sults her by open adultery, and ends by deserting her

and cohabiting with another woman. That the wife should desire a divorce in such a case can hardly be a matter of surprise, and that she should obtain it is but bare justice. But it is the very thing that the husband wants too. He has succeeded in shaking off the obligations of marriage, and that by his own voluntary breach of them. And if he can part with his wife at the door of the divorce court without any obligation to support her, and with full liberty to form a new connection, his triumph over the sacred permanence of marriage will have been complete. . . . No man should, in my judgment, be permitted to rid himself of his wife by ill-treatment, and at the same time escape the obligation of supporting her." "This case," says Mr. Bishop, "not appealed from, seems to have been accepted as settling the doctrine in England."

For the reason stated, the court below erred in refusing a new trial, and the judgment is     *Reversed.*