### PECK v. HARRIS.

GILBERT, J. 1. According to the rulings made in *Lyndon* v. *Georgia R. &c. Co.,* 129 *Ga.* 353 (58 S. E. 1047), *Patterson* v. *Beck,* 133 *Ga.* 701 (66 S. E. 911), *Roddenbery* v. *Patterson,* 136 *Ga.* 187 (71 S. E. 138), and *Hodges* v. *Citizens Bank,* 146 *Ga.* 624 (92 S. E. 49), there was a sufficient assignment of error; and therefore the Court of Appeals erred in dismissing the writ of error.

2. Where a demurrer to portions of the answer was sustained, and, there being no conflict in the evidence, the court directed a verdict for the plaintiff, upon which a final judgment was entered, a bill of exceptions

to such final judgment, which also excepted to the judgment sustaining the demurrer, "was sufficient to bring before the Supreme Court the question of the correctness of the latter ruling." *Roddenbery* v. *Patterson*, supra.                    *Judgment reversed. All the Justices concur.*

No. 6507. JULY 12, 1928.

Certiorari; from Court of Appeals. 37 *Ga. App.* 688.

Error is assigned on the dismissal of the writ of error by the Court of Appeals. The suit was in trover to recover a second-hand automobile sold under a retention-of-title contract. The trial judge sustained a demurrer and struck portions of the defendant's answer. Exceptions pendente lite were taken, the ground being that said ruling was "error and contrary to law." The petition for certiorari recites: "said judgment having been rendered by the court without the intervention of a jury—all of the germane portions of the plaintiff in certiorari's plea having been eliminated by the antecedent ruling on the motion to strike and the amendment afterwards allowed to the plaintiff's petition." Thereafter the court rendered a judgment in favor of plaintiff. To this final judgment the defendant sued out a bill of exceptions to the Court of Appeals. The Court of Appeals dismissed the writ of error, on the ground: "Where a cause involving both questions of law and fact is adjudicated by the judge without the intervention of a jury, and the trial results in a finding in favor of the plaintiff, and the judgment of the trial court is attacked because contrary to law, the exception should specify *wherein it is contrary to law. Groover* v. *Inman,* 60 *Ga.* 407 (5). Where a bill of exceptions fails to so specify, the assignment of error is too general, and the bill of exceptions, if it contain no other assignment of error upon a final judgment, must be dismissed. *Fidelity & Deposit Co.* v. *Anderson,* 102 *Ga.* 551 (28 S. E. 382), and cit. Under this ruling the assignment of error upon the final judgment of the presiding judge in the instant bill of exceptions was too general." *Peck* v. *Harris, 37 Ga. App.* 688 (141 S. E. 433).

The petition for certiorari further recites: "Your petitioner says that there was no jury impaneled to try said case, and no necessity therefor, since the plaintiff's petition was based upon the retention-title contract, the execution of which was admitted, and the answer thereto admitting a prima facie case for the defendant in certiorari, the court merely entering up a judgment by default on the pleadings. . . Your petitioner says that to the antecedent ruling of

the trial judge, granting the motion to strike, he presented, had certified, and filed as a part of the record in said case his exceptions pendente lite to said order and judgment of said trial judge, and expressly assigns error thereon, and in his bill of exceptions pendente lite previously filed in said case made the same subject of special assignment in the following language, to wit: 'The plaintiff in error now herein assigns error on said exceptions pendente lite filed by him, and now also herein assigns error upon said judgment and order sustaining said motion to strike.' Petitioner further shows that after the question of hire had been eliminated from said cause, by amendment of the defendant in certiorari, final judgment on the pleading in said case, your petitioner in his bill of exceptions assigned error upon said final judgment in the following language, to wit: 'To this judgment of the court, Fenn Peck, the plaintiff in error, excepted and now herein excepts and assigns error thereon as being contrary to law.' "' The plaintiff in certiorari contends that the assignment of error was sufficient where the inherent error complained of was the sustaining of a demurrer to the answer, and where the exception pendente lite to this judgment was made the subject of special exception in the bill of exceptions.

*W. G. Warnell,* for plaintiff in error.

*Adams, Adams & Douglas,* contra.