GREENWOOD *v.* GREENBLATT *et al.*

552

No. 8260.　October 15, 1931.

*F. E. Radensleben,* for plaintiff.　*A. S. Grove,* for defendants.

Hines, J.　Greenwood filed his bill in equity in behalf of himself and such other stockholders of the Fulton Sign & Advertising Company as might join therein, against M. J. Greenblatt and J. Sid Gardner, in which he made these allegations: The defendants are indebted to him in the sum of $4,900 by reason of their mismanagement of the affairs of said company. Petitioner is the owner of twenty-nine shares of the stock of said company, which prior to such mismanagment of the company by the defendants were worth $4,900. This stock was rendered worthless in value by such mismanagement of the affairs of the company by the defendants. Greenblatt was vice-president, and Gardner was president and a director of said company. The management of the business of the corporation from May 1, 1930, to June 11, 1930, rested exclusively in the defendants, who during said period of time contrived, by a series of deliberate, wilful, malicious, and fraudulent acts, to divert the assets of said corporation to their own use, deplete its financial resources, credit, and assets, wreck its business, and force it into bankruptcy. The petition then sets out the acts which plaintiff claims sustain this indictment of the defendants. The purpose of the defendants in the commission of

these acts of mismanagement was to force the corporation into bankruptcy, and to acquire its assets and good will. In consequence of these acts the corporation, which was dominated by Greenblatt, was adjudged a voluntary bankrupt on June 11, 1930. Its assets were sold by the trustee in bankruptcy and acquired by Greenblatt for the sum of $2,000. Petitioner prayed for a judgment against the defendants for $4,900, with interest from June 11, 1930.

On November 29, 1930, each of the defendants separately demurred upon the grounds, among others, that the petition set forth no cause of action and no ground for equitable relief, that · it failed to show that the petitioner had acted promptly and had made an honest effort to obtain redress at the hands of the directors and stockholders of the corporation, and failed to show that this could not be done or that it was not reasonable to expect it to be done. On December 19, 1930, the plaintiff filed an amendment to his petition, for the purpose of making the corporation a party defendant. In this amendment he set up that before filing the present suit he had made a demand on the trustee in bankruptcy of the corporation, to "file suit against the defendants upon the same grounds and cause of action upon which" this "suit is based, and that said trustee absolutely refused to institute said suit," and continues so to refuse. This amendment was allowed subject to demurrer. The judge sustained each of the general demurrers and.dismissed the petition, and the plaintiff excepted.

On April 20, 1931, the plaintiff suggested of record in writing the death of Gardner since the filing of the bill of exceptions in this court; but therein waived the making of his legal representative a party defendant, and elected to proceed against Greenblatt alone. The defendants filed their motion to dismiss the writ of error, upon the grounds that (1) the defendants in error are not properly named and are not set out or identified in the bill of exceptions; (2) no parties are named as the defendants in error in the bill of exceptions; (3) the Fulton Sign & Advertising Company, one of the parties defendant to the action in the lower court, and who is a necessary party in this court, is not named or set out as a defendant in error in the bill of exceptions, nor is said party otherwise referred to therein; (4) the orders of the lower

court sustaining the demurrers are not set out in the bill of exceptions, nor are they sufficiently identified or referred to therein; and (5) the assignment of error set out in the bill of exceptions is too vague, indefinite, and uncertain, and does not sufficiently set forth the errors complained of, or wherein the lower court erred, and fails to set forth a good, legal, and sufficient assignment of error.

As the plaintiff, in his writing suggesting of record the death of the defendant Gardner, waives making his legal representative a party defendant in his stead in this court, and elects to prosecute and proceed with the suit against the defendant Greenblatt alone, we do not think that it is necessary to continue this cause for the purpose of having the representative of said deceased defendant made a party defendant in the present bill of exceptions. We treat the action of the plaintiff as one which is now proceeding against Greenblatt alone. As the defendants won the case in the court below, and as the deceased defendant had judgment sustaining his general demurrer to the petition, he will be fully protected by said judgment. We see no reason why the plaintiff cannot elect to proceed against the living defendant alone, and thus abandon his case as to the deceased defendant, leaving it in the court below with a judgment in favor of that defendant. So we shall not continue this case for the purpose of having a representative of the deceased defendant made a party defendant in his stead.

We do not think there is merit in any of the grounds of the motion of the defendants to dismiss the writ of error. The assignment of error on the judgments sustaining the separate general demurrers, on the ground that such judgments are contrary to law, is valid and sufficient. It means that the court erred in sustaining the demurrers on all the grounds thereof. *Melson* v. *Thornton*, 113 *Ga.* 99 (2) (38 S. E. 342); *DuBose* v. *Bank of Sparta*, 139 *Ga.* 115 (76 S. E. 864); *Hodges* v. *Citizens Bank*, 146 *Ga.* 624 (92 S. E. 49); *Peck* v. *Harris*, 166 *Ga.* 633 (144 S. E. 20).

While good practice requires that the plaintiff or plaintiffs and the defendant or defendants in a bill of exceptions should be expressly designated as such by their names, the failure to do so will not work a dismissal of the bill of exceptions, if on its face it affirmatively and unequivocally shows who are the parties thereto.

*Orr.* v. *Webb,* 112 *Ga.* 806 (38 S. E. 98). The bill of exceptions in the present case does this.

While the plaintiff filed an amendment, which was allowed, seeking to make the Fulton Sign & Advertising Company a party defendant to the petition, this company was never by order of the court made a party, was not served with this amendment, did not acknowledge or waive service, did not appear and plead, or in any other way become a party defendant. In this situation the writ of error should not be dismissed because this company was not made a party defendant in error. Although a person may have been named as a party defendant to a suit in the court below, by amendment to the original petition, yet where such party was never served, never acknowledged service, never answered, and in no other way became a party to the cause, and for this reason no judgment could have been rendered against him, he was not a necessary party to the bill of exceptions filed against the other defendants. *Wyche* v. *Green,* 16 *Ga.* 47; *Searcy* v. *Tillman,* 75 *Ga.* 505; *W. U. T. Co.* v. *Griffith,* 111 *Ga.* 551 (36 S. E. 859).

It was not necessary to set out in the bill of exceptions the orders or judgments sustaining the general demurrers to the petition. These orders or judgments are properly matters of record in this court. It was sufficient to allege generally in the bill of exceptions that orders or judgments sustaining the general demurrers had been rendered in the court below.

■ We come next to determine whether the court erred in sustaining the general demurrers to the petition. The plaintiff filed this petition in his own behalf and in behalf of such other stockholders in the corporation as might join therein, for the purpose of recovering a judgment against the defendant for the value of his stock in this company, upon the ground that Greenblatt as its vice-president and Gardner as its president and a director had the exclusive management and conduct of the business of the company from May 1, 1930, to June 11, 1930; and that they as such officers, during said period, by a series of deliberate, wilful, malicious, and fraudulent acts, diverted the assets of the corporation to their own use and benefit, depleted its financial resources and assets, destroyed its credit, wrecked its business, and thus forced it into bankruptcy. These alleged acts of mismanagement by the defendants are set out in the petition. Plaintiff sets up that the

remaining assets of the corporation were sold by the trustee in bankruptcy of the corporation, and were bought in by Greenblatt for $2,000. He sets up that by reason of the mismanagement of the affairs of this company by the defendants, and the bankruptcy thereof deliberately brought about by them, the value of the stock of the company held by him and other stockholders in the company has been totally destroyed. He alleges that he owns twenty-nine shares of this stock, and that it was of the value of $4,900 at the time when the defendants conceived the idea of wrecking the company. He alleges that in view of the destruction of the company by their acts of mismanagement this stock became worthless, and the defendants became indebted to him in the sum of $4,900, which was the value of his stock, which he seeks to recover from them; and he prays for a judgment against them in his behalf for said sum with interest from June 11, 1930. Plaintiff does not seek to recover a judgment for and in behalf of the corporation. By amendment to his petition he sought to make the corporation a party defendant; but, as we have stated, the corporation did not in any way become a party defendant to the cause. Plaintiff alleges in this amendment that he made a demand upon the trustee in bankruptcy of the corporation to bring suit against the defendants, upon the same ground upon which he bases the present suit; but that the trustee refused to do so. The trustee was not made a party to this suit. In these circumstances did the trial judge err in sustaining the separate general demurrers filed by the defendants to the petition of the plaintiff?

The wrong done by the defendants, if any, was a wrong done to the corporation. Primarily the right to recover against the defendants for the wrong was in the corporation itself, and not in its stockholders. The right of action against officers and directors to redress, or to recover damages for, wrongs inflicted by them upon the corporation is in the corporation and not in the stockholders. 14A C. J. 154 (§ 1931), 14, notes 63, 64, and cit. Neither a single stockholder nor any number of stockholders can sue the officers or directors, at law, for damages for fraud, embezzlement, misfeasance or gross negligence, whereby the property of the corporation is wasted and the stockholders are deprived of dividends, or their shares are depreciated or rendered valueless. Sears *v.* Hotchkiss, 25 Conn. 171 (65 Am. D. 557); Smith *v.*

Poor, 40 Me. 415 (63 Am. D. 672); Smith v. Hurd, 12 Metc. (Mass.) 371 (46 Am. D. 690); Seitz v. Michel, 148 Minn. 80 (181 N. W. 102, 12 A. L. R. 1060). The reason for this is that at law the directors or officers are the agents of the corporation and not of the stockholders; and besides, if one stockholder could sue at law, there might be as many actions as there are stockholders. There is no legal privity, relation, or immediate connection between the stockholders in their individual capacity on the one side and the directors or officers of the corporation on the other. The directors are not generally the agents or trustees of the individual stockholders. The corporation is a body politic, having a separate existence as a distinct person in law, in whom the whole corporate property is vested, and to whom all agents, directors, and servants are responsible. Another important consideration is that the injury done to the capital stock by wasting, impairing, and diminishing its value is not in the first instance nor necessarily a damage to the stockholders. All sums which could in any form be recovered on that ground would be assets of the corporation; and when collected and received by directors or any other persons entitled to receive them, they would be held in trust to pay the debts of the corporation; and it would only be after these debts are paid, and in case any surplus should remain, that the stockholders would be entitled to receive anything. Smith v. Hurd, supra; 7 R. C. L. 490, § 471. Under certain circumstances a stockholder may, in his own behalf and in behalf of all other stockholders, maintain a suit in equity to redress, or recover damages, for wrongs done to the corporation by directors or officers. Generally where there has been a waste or misapplication of the corporate funds by officers or directors of the company, a suit to compel them to account for such waste or misapplication should be brought in the name of the corporation, unless it appear that the directors refused to prosecute the suit, or that the directors are the parties who made themselves answerable for the loss. Where the suit is by stockholders, the corporation should be before the court and should be made either a party complainant or defendant. This is so for the reason that any amount which may be recovered in a suit for official delinquency will constitute a portion of the assets of the corporation, in which each stockholder will have an interest in proportion to his share in the whole stock. The stock-

holder by whom suit is brought is not entitled to preference or priority over other stockholders. 7 R. C. L. 490, § 472. The grounds upon which equity will interpose at the suit of a stockholder who has complied with certain conditions precedent, so as to entitle him to sue, and to which we shall hereafter refer, include mismanagement, fraudulent acts, misappropriation of corporate assets, diversion of its funds, and spoliation or destruction of corporate property. 14A C. J. 154 (§ 1931), 14, notes 71, 72, 73, 74, 75, and cit. A suit by a stockholder to redress such wrongs done to a corporation by its directors or officers must be in the right of and for the benefit of the corporation. Such suit can not be instituted and prosecuted by stockholders to recover judgments in their favor against the unfaithful officers and directors of the corporation.

An action against the directors or officers of a corporation for losses happening to it in consequence of their gross negligence, their habitual inattention to their duties, or their fraud or mismanagement, must be brought by the trustee in bankruptcy of the corporation. Mutual &c. Bank v. Bosseiuz, 3 Fed. 817, 4 Hughes, 387; 14A C. J. 150 (§ 1922), 13. A trustee in bankruptcy of a corporation succeeds to any right which it may have to sue directors or officers for loss from a breach of duty. McEwen v. Kelly, 140 Ga. 720 (2) (79 S. E. 777); 7 C. J. 130 (§ 219), 23; Id. 131 (§ 220), b. If the trustee on demand of a stockholder refuses to sue, and the stockholder for himself and other stockholders files suit, the trustee should be made a party to the action. The conditions precedent with which a minority stockholder must comply before he may proceed in equity in behalf of himself and other stockholders against the corporation, its officers, and those participating therein, when he and they are injured thereby, are set out in the Civil Code, § 2224. One of these conditions is that the petitioner had made an earnest effort to obtain redress at the hands of the directors and stockholders, or why this could not be done, or that it was not reasonable to require it. The action must be against the corporation, and such unfaithful officers, directors, or others participating in the wrong. Another one of these conditions is that a majority of the directors are acting in their own interest in a manner destructive of the company or of the rights of the other shareholders. In

the instant case the suit is not against the corporation. It appears that the corporation had been declared a bankrupt, and that a trustee in bankruptcy was appointed for it. In such case the trustee in bankruptcy, refusing to bring the action, must be made a party defendant to the suit. Only one director is made a party defendant. It appears that there are three other directors. It is not alleged that the petitioner has made an earnest effort to obtain redress at the hands of the majority directors and stockholders. No reason is assigned why this could not be done. It is not shown that it is not reasonable to apply to the majority of the directors and stockholders for redress against the wrongs done to the corporation. In these respects the petitioner fails to make out a case which entitles him to prosecute this suit in a court of equity, if his petition otherwise authorizes him to sue, on which we express no opinion. This being so, the petition was subject to the demurrers on these grounds, and the judge did not err in sustaining them. *Judgment affirmed. All the Justices concur.*