GEORGIA PORTLAND CEMENT CORPORATION *et al. v.* HARRIS *et al.*

No. 9796. FEBRUARY 13, 1934.

309

*Pierce Brothers,* for plaintiffs in error.

*Bussey & Fulcher, Howell, Heyman & Bolding,* and *Allen Post,* contra.

HUTCHESON, J. 1. "While ordinarily promoters cease to be such when the corporation is fully formed, such is not necessarily the case. Where promoters continue to dominate the corporation

and its directors, the latter, although legally the agents of the corporation, may be but the puppets and tools of the promoters." *Downey* v. *Byrd,* 171 *Ga.* 532 (156 S. E. 259, 72 A. L. R. 345).

2. Where promoters own all the shares of a corporation, and select as its directors persons who have no stock in the corporation, except a nominal number of shares, put in their names by the promoters to qualify them to act as directors, the acts of such dummy directors will be treated as the acts of the promoters, who will be held liable for any damage caused by false and fraudulent representations made to induce others to subscribe to stock in the corporation. *Downey* v. *Byrd,* supra.

3. "The dominant stockholder in a corporation, at whose instance its directors prepare and circulate a false prospectus by the corporation will be liable for damages sustained by one relying and acting thereon in the purchase of its worthless stock. In such case the act of the directors issuing a fraudulent prospectus is the act of the dominant stockholder; and the latter will be liable to the subscribers to the stock of the company who have been damaged by the false and fraudulent representations contained in the prospectus." *Downey* v. *Byrd,* supra.

4. "Promoters occupy a fiduciary relation towards the subscribers of the stock of a corporation which they are promoting; and when such promoters promote a bubble, an equitable action will lie against them for the injuries sustained by subscribers, on account of the fiduciary relation which they sustain towards the subscribers." *Downey* v. *Byrd,* supra.

5. Applying the foregoing principles to the allegations of the petition in this case, the petition set out a cause of action, and the judge did not err in overruling the demurrers.

6. The demurrer raising the question of the statute of limitations was expressly abandoned by the plaintiffs in error, and will not be considered.

7. Under the facts of the case of *Greenwood* v. *Greenblatt,* 173 *Ga.* 551 (161 S. E. 135), the rulings there made are not applicable to the case at bar. The suit was brought by a stockholder against the promoters of the company, alleging mismanagement of the company; and it was properly held that in a suit of that character the right of action was in the corporation.

*Judgment affirmed. All the Justices concur.*