DAVIS *v.* FREEMAN *et al.*

No. 13407. SEPTEMBER 26, 1940.

*Mozley & Combs,* for plaintiff in error.    *Giles & Spence,* contra.

DUCKWORTH, Justice.    ■    The court allowed the defendant to file an answer after the trial had opened and was in progress.    He had not previously filed any plea; and it is contended that the court erred in allowing the filing of the answer at this stage of the case. While it is conceded that the plaintiff could not have obtained a judgment in the divorce suit by default (Code, § 30-113), it is contended that he was in default as to all other matters.    However, even if it would have been proper for the judge to mark the defendant "in default," as provided in the Code, § 110-401, for failure to file any defense to the portions of the suit not involving the right of the plaintiff to a divorce, it appears that no such entry had been made on the docket.    Having failed to mark the

case "in default" at the first term, the time within which the defendant could answer was accordingly prolonged. *Currie* v. *Deaver,* 1 *Ga. App.* 11 (2) (57 S. E. 897). This case comes within the general rule that "Where a case has never been marked 'in default' on the docket, and no order has been taken declaring it to be 'in default,' an answer to the merits of the case, filed at a term subsequent to the appearance term, will not be dismissed because not filed in time." *McKenzie Co.* v. *Consolidated Lumber Co.,* 142 *Ga.* 375 (82 S. E. 1062); *Gordon* v. *Hudson,* 120 *Ga.* 698 (48 S. E. 131); *Neal* v. *Davis Foundry & Machine Works,* 131 *Ga.* 701, 707 (63 S. E. 221); *Glass* v. *Allen,* 141 *Ga.* 30 (80 S. E. 284); *Hall* v. *Tiedeman,* 141 *Ga.* 602 (81 S. E. 868); *Burson* v. *Lunsford,* 53 *Ga. App.* 411 (186 S. E. 213). The court did not err in allowing the answer of the defendant to be filed.

■ The defendant's answer contained prayers that the plaintiff in error, Mrs. Bessie Davis, be made a party to the cause, and that a rule nisi issue requiring her to show cause why she should not be made a party. The court, in response to these prayers, issued an order calling upon Mrs. Davis to show cause *instanter* why she should not be made a party. We can not say that this order was erroneous as contended. The Code, § 3-404, relating to the mode of making a new party, declares: "Where for any cause it becomes necessary or proper to make parties, the judge shall cause a rule to be prepared, signed by him, either in term time or vacation, calling on the person to show cause why he should not be made a party, the answer to which rule may be heard in term or vacation." This section does not prescribe the time at which the rule shall be returnable. This is left to the discretion of the court. *McMillan* v. *Spencer,* 162 *Ga.* 659 (6) (134 S. E. 921). Mrs. Davis was present in court as a witness for her daughter, the plaintiff. A previous attempt to make her a party had been made by the intervenor, Mrs. Rosa Lee Freeman. The same attorneys who represented Mrs. Davis in her successful attack upon the first attempt to make her a party were present in court, representing the plaintiff. In view of these facts we do not think that the judge abused his discretion in ordering Mrs. Davis to show cause instanter why she should not be made a party to the cause.

■ The plaintiff in error contends that it was error to make her a party during the trial of the case, because (1) it deprived

her of the right to participate in the selection of the jury, and (2) she was entitled to the same period of time within which to answer and prepare her case as an original defendant would have had. There is no merit in these contentions. If she had objected to proceeding with the trial of the case upon being made a party thereto, it would have been erroneous for the judge to proceed with the trial over her objection, for the reason that she would have been entitled to the same time within which to prepare for trial as if she had been an original defendant in the cause. Code, § 3-405. Thus by making such an objection she could have secured for herself all of the rights of which she now complains of being deprived. Her bill of exceptions, however, discloses that she did not object to proceeding with the trial after having been made a party. Having allowed the case to proceed without objection, she will not now be heard to complain for the first time that she was deprived of her right to assist in selecting the jury and her right to the same time within which to prepare for trial as an original defendant. *Planters Bank* v. *Georgia Loan & Trust Co.*, 160 *Ga.* 107 (2) (127 S. E. 413).

█ The plaintiff in error also attacked the answer on the ground that it showed no legal reason for making her a party to the cause, and stated no cause of action whatever against her. In her petition and an amendment the plaintiff alleged that her mother, the plaintiff in error, held title to a certain four-acre tract of land on which was located the house in which the plaintiff resided. The amendment made extensive reference to this tract, for the evident purpose of showing that the true title was in her mother. The defendant in his answer denied the allegations of the petition with reference to the title of Mrs. Davis. He averred that neither the plaintiff nor her mother had ever paid any consideration for the property, and that the plaintiff had placed title to the land in her mother in pursuance of a scheme to deprive the defendant of his property by fraud. The averments of the answer, when considered in connection with the amended petition, were sufficient to place in issue the title to this land. However, was this an issue so germane to the case as to authorize making Mrs. Davis a party to the suit for the purpose of having this issue determined? The petition alleged that the defendant was the owner of described property, all of which he had placed in the name of an uncle for the purpose of

hiding it from his creditors. In connection with her claim for alimony the plaintiff sought to have title to this property decreed in the defendant, and with this end in view she had the uncle made a party. If the four-acre tract belonged to the defendant, it should have also been listed as a part of his assets. He alleged that the plaintiff and her mother were in collusion in an attempt to obtain this property from him by fraud, and that the allegations of the petition with reference to the title of this land were made in furtherance of their scheme. It appeared from the plaintiff's allegations that she and her mother were parties to the scheme of the defendant to hide his property from his creditors, and that the four-acre tract was involved in some of the transactions made in pursuance of that scheme. In view of all of these facts, we conclude that it was not error for the court to make Mrs. Davis a party, in order that title to all of the property might be determined in one action.

On application of the foregoing rulings, the judge did not err in rendering the final decree.

*Judgment affirmed. All the Justices concur.*