BARBEE *v.* BARBEE; BARBEE *v.* BARBEE *et al.*

764

Nos. 15656, 15657.  January 9, 1947.

*Thomas W. Johnson,* for plaintiff in error.

*Miller & Miller,* contra.

CANDLER, Justice. (After stating the foregoing facts.) The defendant in error in the main bill of exceptions filed a motion to dismiss the writ of error, upon the grounds: (1) That no person or persons were designated as plaintiffs in error or as defendants in error; and (2) that the wife, after she had sued out her writ of error, and the record had been transmitted to this court, filed a suit against the husband in the City Court of Macon, Georgia, for the amount that she had expended for necessities for the two minor children.

■  "While good practice requires that the plaintiff or plaintiffs and the defendant or defendants in a bill of exceptions should be expressly designated as such by their names, the failure to do so will not work a dismissal of the bill of exceptions, if on its face it affirmatively and unequivocally shows who are the parties thereto." *Greenwood* v. *Greenblatt,* 173 *Ga.* 551 (2, a) (161 S. E. 135). The bill of exceptions in the instant case does this, and this ground of the motion is without merit.

■  In ground 2 of the motion to dismiss, it is contended that the wife, by suing for necessities furnished by her for the minor children, made—besides a solemn admission in judicio that the judgment awarding support to the minor children was illegal and void—an election of remedies from which she can not now retract; that for this reason she is now estopped from prosecuting this writ of error; and that it should be dismissed. This contention is also

without merit. Assuming, but not holding, that an action to enforce a judgment for support of minor children is inconsistent with an action for necessities furnished by a third person, here the suit filed for such necessities, after the writ of error had been sued out to this court to enforce the support judgment, would not be such an admission in judicio or election of remedy as would require a dismissal of the writ of error. The election, if there was one, was first made by commencing the action to enforce the support judgment. See *Board of Education of Glynn County* v. *Day*, 128 *Ga.* 156 (57 S. E. 359); *Peterson* v. *Lott*, 200 *Ga.* 390 (37 S. E. 2d, 358).

The motion to dismiss the writ of error is denied.

■ It is the contention of the defendant in error in the main bill of exceptions that relief can not be granted or awarded to any party except upon proper pleadings, including a prayer therefor, and therefore so much of the verdict and judgment in the instant case as awarded support to the minor children is illegal and should be set aside.

It is the general rule of pleading and practice in this State, as to all courts, that relief can not be granted for matter not alleged or prayed for, and that a verdict and judgment which award relief beyond such pleadings and prayer are illegal and subject to be set aside. This general rule is based upon the principle that the court pronounces its decree secundum allegata et probata. See Code, § 110-101; *Robson* v. *Harwell*, 6 *Ga.* 589; *Milner* v. *Mutual Benefit Building Assn.*, 104 *Ga.* 101 (30 S. E. 648); *Griffeth* v. *Haygood*, 174 *Ga.* 22, 24 (161 S. E. 831). The plaintiff in error contends, however, that the verdict and judgment in the instant case is an exception to this general rule, because of the nature of the proceeding, since the primary concern of the court in such cases is the welfare and protection of minor children.

Certain exceptions to this general rule have been recognized, and verdicts and judgments have been sustained by this court even though not based on any pleading or prayer. Such an exception was made in *Horton* v. *Horton*, 170 *Ga.* 766 (154 S. E. 365), which was a proceeding for only the support of minor children. In that case this court affirmed an award of custody of minor children, without a prayer therefor, and based its decision upon the ground that custody was a necessary incident to the grant of the relief

prayed. This ruling would not be authority, however, for the adverse proposition that support may be awarded in a proceeding for divorce and custody, in the absence of pleadings or a specific prayer therefor. See also Code, § 30-127; *Mills* v. *Mills,* 150 *Ga.* 782 (105 S. E. 357).

Another exception to the general rule exists where proof goes to the jury, without objection, and a verdict and judgment are based thereon. In the leading case of *Arlope* v. *Goodall,* 53 *Ga.* 318, 324, it was said: "It has often been held by this court, that if proof goes to the jury without objection, which would show a right in the party offering it, the jury may consider it, although there are no allegations in the pleadings setting up the facts thus proved. This is put upon the ground that, if objections be made that the pleadings do not authorize the testimony, the party tendering it might amend so as to make it admissible." *Haimon* v. *Moses,* 39 *Ga.* 708 (3); *Field* v. *Martin,* 49 *Ga.* 268; *Ratteree* v. *Chapman,* 79 *Ga.* 574 (2) (4 S. E. 684); *Taylor* v. *Taylor,* 195 *Ga.* 711, 721 (25 S. E. 2d, 506). It was held in those cases that the verdict and judgment cured any defect or omission in the pleading, on the ground that, had objections been made at the proper time, the pleadings could have been amended so as to cover any omitted allegations. Code, § 110-705. See also *Fitzpatrick* v. *Paulding,* 131 *Ga.* 693 (63 S. E. 213); *Mell* v. *McNulty,* 185 *Ga.* 343, 344 (195 S. E. 181), and cases cited.

In the instant case, the husband acknowledged service and waived process on the petition filed by the wife, in which she prayed only for a total divorce and custody of the minor children. According to the allegations of his petition, he did not appear at the final hearing of the case because of the assurances of his wife that the matter of alimony and support for the minor children would not be taken up before the court and jury, but would be handled according to the terms of their oral and written agreement. The written agreement contained the following provision: "The party of the first part [husband] having agreed to support the two minor children, it is agreed that this contract will contain no provision for their support." It also provided for "the original to be used as a verdict of the jury covering the matters herein agreed upon." The welfare and protection of minor children, involved in proceedings of this nature, are the primary concern of the court. The

children become wards of the court, looking to it for such protection and welfare. Parties, in contemplation of a divorce, may enter into a valid separation agreement, which would be binding as between them, and would regulate their rights and obligations inter sese; but when the welfare of children is concerned, the parents can not by contract so bind themselves as to foreclose the court from an inquiry as to what that welfare requires. The separation agreement expressly omitted any provision as to the amount to be paid by the husband to the wife for support of the two minor children; however, it did provide that the contract would be used as a verdict of the jury. The jury, thus having the express right to pass upon it, would certainly have the further right to approve, disapprove, or modify the terms applicable to the minor children. It would certainly be authorized to inquire into such terms for the purpose of determining whether or not the amount contracted to be paid for support was ample and sufficient under all the circumstances. "The right of minor children to support by the father is not affected by an agreement between the parents pending a divorce suit, although the court may consider or adopt such agreement if it is fair and reasonable." 27 C. J. S. 1207, § 319, g; 17 Am. Jur. 535, § 703; Moreland, Marriage and Divorce, 760, § 722. When, according to the express terms of the settlement contract, it was submitted to the jury at the final hearing, and its execution proved, the jury properly heard evidence covering the matter of support for the children. The wife testified that her husband had orally agreed to pay $6 per week to her for the support of both children, and that this matter was expressly omitted from the written settlement agreement. Based upon this evidence, the jury could have approved, disapproved, or modified the amount previously agreed upon by the parties for such support, but certainly was not bound by any agreement of the parents concerning the welfare of the minor children. The husband must have known that such a matter of support would have been one for consideration by the jury at the final hearing, and he can not now be heard to say that he did not attend the final hearing, after acknowledging service and waiving process, merely because the wife assured him that this matter would not be taken up.

While it is alleged that the wife breached the agreement not to submit the question of support for the minor children to the jury,

the terms of the written contract expressly provided that it was to be used as a verdict. Therefore it must be conclusively presumed as a matter of law that the husband knew that support would be a proper matter for determination at the final hearing, and he will be bound by what happened there as though present in person; and the evidence concerning such support having been properly considered by the jury, without objection, the verdict and judgment based thereon would cure any defect or omission of the petition to pray specifically for such support.

■ The sole question presented by the cross-bill of exceptions is answered, adversely to the contention of the plaintiff in error therein, by the preceding division of this opinion.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Bell and Atkinson, JJ., who dissent from the judgment of reversal on the main bill of exceptions.*