## COHEN v. COHEN.

CANDLER, Justice. On October 18, 1950, Joe Cohen brought an action in the Superior Court of Turner County, Georgia, returnable to the January, 1951, term, in which he prayed for a divorce from his wife, Rachel Kaplan Cohen, on the ground of wilful desertion for a term of more than one year. Among other allegations, the petition alleged that the plaintiff was, at the time of bringing his suit, a resident of Turner County, Georgia, and that the defendant was, at the same time, a resident of New York. The defendant was served by publication. She neither appeared nor filed pleadings at the appearance term, and upon the call of the appearance docket, in its regular order, the case was adjudged to be in default ·by an entry made upon the court's docket on January 8, 1951. After the January term had adjourned and on February 14, 1951, the defendant filed a plea to the jurisdiction of the court, alleging that she was, at the time the plaintiff filed his divorce suit against her, a resident of Fulton County, Georgia. At the same time, but subject to her plea to the jurisdiction, she also filed an answer and a cross-petition. Her answer denied that she was a resident of New York when the plaintiff's suit was filed; averred that she was, at that time, a resident of Fulton County, Georgia; and denied the plaintiff's allegation of wilful and continued desertion. Her cross-petition, after charging the plaintiff with cruel treatment and wilful abandonment of her, prayed for alimony. So far as the record shows, no action was taken in the case at the regular April and July, 1951, terms of the court, but at the° October term, 1951, the plaintiff moved to strike the defendant's pleadings on the grounds: that they were delivered to and improperly filed by the clerk more than 30 days subse-

quent to the date on which the case had been adjudged to be in default; that they were accepted by and improperly filed by the clerk while the default judgment of January 8, 1951, was of full force and effect; and that the court, since the trial term of the case had passed, had neither power nor jurisdiction to open the default and allow pleadings filed. At the same term and before the trial, the defendant petitioned the court in writing to approve her pleadings as previously filed, and to allow her to defend the suit upon the ground that the court was without jurisdiction; that the plaintiff was not entitled to a divorce on the ground alleged in his petition; and that she was entitled to alimony on the grounds alleged in her cross-petition. The plaintiff's motion was sustained, and the defendant's pleadings were accordingly stricken; the defendant's motion was overruled and she excepted pendente lite. The case was heard by the judge without a jury, and during the trial the defendant sought and was not permitted to cross-examine the plaintiff while he was testifying as a witness in his own behalf. And, on the trial, the defendant offered and was not allowed to introduce evidence in support of the issues raised by her stricken pleadings. The case resulted in a judgment granting the divorce prayed for. In due time, the defendant moved to vacate and set aside the divorce judgment on the grounds: that her pleadings had been erroneously stricken by the court; that she had been deprived of the right to cross-examine the plaintiff while he was testifying as a witness in his own behalf; and that she had been denied the right to introduce evidence in support of the issues raised by her stricken pleadings, including her cross-petition. The motion was overruled and the defendant excepted. She also moved for a new trial and excepted to a judgment overruling her motion. Error is properly assigned on the pendente lite exceptions, the judgment refusing to vacate and set aside the divorce judgment, and on the judgment refusing a new trial. *Held:*

1. The Constitution of 1945 by article 6, section 14, paragraph 1, provides: "Divorce cases shall be brought in the county where the defendant resides, if a resident of this state; if the defendant be not a resident of this state, then in the county in which the plaintiff resides, provided, that any person who has been a resident of any United States army post or military reservation within the State of Georgia for one year next preceding the filing of the petition may bring an action for divorce in any county adjacent to said United States army post or military reservation." Code (Ann.), § 2-4901. These provisions of the Constitution as thus fixing venue in divorce cases are mandatory, exhaustive, jurisdictional, and without qualification; accordingly, jurisdiction in such cases cannot be conferred upon a court which has none, either by waiver, consent of the parties, default in pleading, or otherwise; and this applies in divorce actions to person as well as to subject matter. *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593); *Moody* v. *Moody,* 195 *Ga.* 13 (22 S. E. 2d, 836); *Stewart* v. *Stewart,* 195 *Ga.* 460 (24 S. E. 2d, 672); *Wade* v. *Wade,* 195 *Ga.* 748 (25 S. E. 2d, 683), and citations. And, since no valid judgment can be rendered in a divorce case where the court is without jurisdiction (Code, § 110-709; *Jones* v. *Jones,* 181 *Ga.* 747, 184 S. E. 271), it is the duty of the court, when apprised of the

fact that it has no jurisdiction, to dismiss the case at any stage of the proceeding, with or without motion therefor. *Powell* v. *Cheshire,* 70 *Ga.* 357 (1a); *Watts* v. *Watts,* supra.

2. A divorce suit affects not merely the formal parties before the court, but society at large. 9 Am. Eng. Enc. L. (2d ed.) 728, 729 (4); *Haygood* v. *Haygood,* 190 *Ga.* 445 (9 S. E. 2d, 834, 130 A. L. R. 37); *Boykin* v. *Martocello,* 194 *Ga.* 867 (22 S. E. 2d, 790). To protect the interest which society has in divorce actions, our Code, § 30-129, declares: "In divorce cases proceeding undefended by the opposite party the judge shall see that the grounds are legal and sustained by proof, or shall appoint the solicitor-general or some other attorney of the court to discharge that duty for him." And when the solicitor-general or some other attorney of the court is appointed by the judge to see that the grounds for divorce are legal and sustained by proof, he may cross-examine the plaintiff and the plaintiff's witnesses, introduce evidence in opposition to the grant of a divorce, and enter fully into the defense of the case. *Creamer* v. *Creamer,* 36 *Ga.* 619 (1). Also, concerning society's interest in divorces, the Code, § 30-124, referring to applications for the removal of disabilities, provides that "The divorced person, or any citizen of the county wherein the divorce was granted, may resist the application; and should no person resist the same, the solicitor-general shall represent the State, with full power to resist the same, as in ordinary divorce cases." Owing to the interest of the State and of society in divorce actions, generally speaking the rules governing pleadings in such cases differ from those usually applicable to the pleadings in an ordinary civil suit. 27 C. J. S. 692, § 104. "On account of the peculiar interest of the public in the preservation of domestic relations, provisions have been made by the constitution of this State, and by legislative enactment, which take divorce suits out of the rules that govern other actions, and place restrictions around them indicating a policy to hinder facility in the procurement of divorces. This has been true ever since the adoption of the Constitution of 1798." *Watts* v. *Watts,* supra. As early as *Head* v. *Head,* 2 *Ga.* 191, 194, this court said: "It must be apparent to the most careless reader that the constitution of 1798 is in restraint of divorces; the wise framers of that instrument were careful to hinder facility in their procurement." Illustrative of this policy is section 1 of our divorce act of 1946 (Ga. L. 1946, p. 90), which provides that no verdict or judgment granting a total divorce shall become final for a period of thirty days, during which time any person at interest may petition the court to modify or set aside the verdict or judgment upon any good and sufficient ground. Code (Ann. Supp.), § 30-101. And it may be remarked at this time with propriety that such a petition can be based upon no better ground than one pointing out the court's lack of constitutional jurisdiction. The provisions theretofore made for the procurement of divorces in this State were unchanged by the new rules of procedure, pleading, and practice in civil actions and civil proceedings as adopted by the legislature in 1946. Ga. L. 1946, pp. 765, 779; *Tatum* v. *Tatum,* 203 *Ga.* 406 (46 S. E. 2d, 915). So, as pointed out by what is said in the many cases cited in *Tatum* v. *Tatum,* supra, it is here held that the procedure, pleading,

and practice fixed by our Constitution and by our legislative enactments for divorce suits are different from those prescribed for other civil actions.

3. It seems very clear to us that the act of 1946, confirming "rules of procedure and pleading and practice in civil actions," which was adopted in lieu of Code §§ 110-401 and 110-403 (Ga. L. 1946, pp. 761, 777, 778; Code, Ann. Supp., § 110-401), and which provides for a default where the defendant has not answered as required, and permits the plaintiff, except in actions for unliquidated damages, to take a verdict or judgment where the case is in default "as if every item and paragraph of the petition were supported by proper evidence," is by its terms inapplicable to Code § 30-113, which declares that no verdict or judgment by default shall be taken in a suit for divorce, but the allegations of the petition shall be established by evidence. See, in this connection and to the same effect, *Davis* v. *Freeman*, 190 *Ga.* 833 (10 S. E. 2d, 847). "In a divorce case the legal status of the plaintiff's case, insofar as it concerns the right of plaintiff to a verdict, is the same whether there is an answer filed by the defendant or not. The law requires the introduction of evidence sufficient to sustain the verdict." *Lovelace* v. *Lovelace*, 179 *Ga.* 822, 825 (177 S. E. 685). Accordingly, no provision has been made in this State by statute or otherwise for a judgment declaring a divorce suit to be in default as to pleadings, and we therefore hold that the court erred in striking the defendant's defensive pleadings, and in refusing thereafter to allow the defendant to resist fully the application for divorce by cross-examining the plaintiff and by the introduction of evidence or otherwise. The defendant in a divorce suit, like the State, should not be deprived of his or her right to resist fully the grant of a total divorce whether defensive pleadings be filed or not.

4. The defendant's cross-petition was erroneously stricken by the judge. A wife, when sued for divorce, may set up in her answer any matter which, under the English practice, should be the subject of a cross-bill, and by such cross-action recriminate her husband and pray for permanent alimony. Code, §§ 30-106, 81-106; *Brightwell* v. *Brightwell*, 161· *Ga.* 89 (129 S. E. 658). And when the wife so pleads, her cross-action is the legal equivalent of an independent suit for alimony (*Lee* v. *Lee*, 154 *Ga.* 820, 115 S. E. 493; *Brightwell* v. *Brightwell*, supra); and permanent alimony is granted to a wife in this State when she, against her will, is either abandoned or driven off by her husband. Code, § 30-210; *Campbell* v. *Campbell*, 90 *Ga.* 687, 689 (16 S. E. 960). Since a cross-action, though set up as here in the defendant's answer, is the legal equivalent of an independent action and is treated, in short, as a mere ancillary suit (Story's Eq. Pl. § 399; *McDougald* v. *Dougherty*, 14 *Ga.* 674; *Ray* v. *Home & Foreign Investment Co.*, 106 *Ga.* 492, 32 S. E. 603), our rules of procedure, pleading, and practice as applicable to divorce cases do not, as we have held in the preceding note, require that an answer taking the character of a cross-bill be filed at the term to which the plaintiff's case is made returnable, or before the regular call of the appearance docket; and, in cases like the one presently at bar, the defendant's right to proceed with a cross-action for

alimony is unaffected by a withdrawal, or by a dismissal for any reason, of the original suit. Code, § 3-510; *Lee* v. *Lee* and *Brightwell* v. *Brightwell,* both supra; *Grinnell* v. *Grinnell,* 174 *Ga.* 904 (164 S. E. 681); *Fender* v. *Hendley,* 196 *Ga.* 512, 514 (26 S. E. 2d, 887), and citations. A different ruling is not required by *Stoner* v. *Stoner,* 134 *Ga.* 368 (4) (67 S. E. 1030).

5. Applying the principles above ruled, it follows that the trial judge erred in making the rulings here complained of, and a reversal is required.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who concurs in the judgment only; and Atkinson, P. J., not participating.*

No. 18016. Argued November 12, 1952—Decided January 12, 1953.

*Swift Tyler, Rogers & Rogers* and *Marvin O'Neal Jr.,* for plaintiff in error.

*James H. Pate,* contra.