### 23460.   FRADY v. FRADY.

SUBMITTED MAY 11, 1966—DECIDED MAY 26, 1966.

*Rich, Bass & Kidd, R. Hopkins Kidd,* for appellant.

*Lee Evans,* for appellee.

ALMAND, Justice.   The sole question for our determination is: was it error to dismiss, on motion of the appellee, the petition of the appellant seeking to have the appellee adjudged in contempt of the court for failure to pay alimony for the support of a child of the parties as provided in a final decree of divorce?

The record discloses that Herbert E. Frady (the appellee) filed suit in Fulton Superior Court against Kristin G. Frady (the appellant) for a divorce.   Service was acknowledged, and the appellant agreed in writing that the case be tried at the appearance term of court.   She filed no pleadings in the case.   On December 20, 1960, the court without a jury granted a total divorce between the parties.   The appellee was ordered to pay the sum of $10 per month for the support of his minor child until she reached the age of 21, married or died.   The decree is silent as to who was awarded the custody of the child or to whom payment of alimony should be made.   The father paid $100 but stopped payment, and for his failure to pay the sum of $1,170, the mother prayed that he be adjudged in contempt.

The court sustained the motion of the father (appellee) to dismiss the petition on the ground that the final decree awarding alimony for the support of the child was void in that there were no pleadings in the case to authorize such an award.

The court's disposition of the case was correct. It is a general rule in this State that relief cannot be granted for a matter neither alleged nor sought. This rule is based on the principle that a court makes its decree secundum allegata et probata. *Code* § 110-101; *Robson v. Harwell,* 6 Ga. 589 (1); *Milner v. Mutual Benefit Building Assn.,* 104 Ga. 101 (30 SE 648); *Griffeth v. Haygood,* 174 Ga. 22, 24 (161 SE 831). The court was without authority to enter an award of alimony for the support of the child, and such award is void. The fact that the appellee made ten monthly payments and more than three years have passed by before the decree was attacked does not estop or prevent him from asserting the alimony award to be void. *Code* § 110-709; *Jones v. Jones,* 181 Ga. 747 (3) (184 SE 271); *Allen v. Baker,* 188 Ga. 696 (2) (4 SE2d 642); *Lockhart v. Lockhart,* 211 Ga. 482 (1) (86 SE2d 297); *Eagan v. First National Bank,* 212 Ga. 212 (91 SE2d 499).

The trial judge did not err in holding that part of the divorce decree which awarded alimony for the support of the child was null and void and dismissing the rule for contempt.

Our ruling here is not contrary to the decision in *Barbee v. Barbee,* 201 Ga. 763 (3) (41 SE2d 126) (two Justices dissenting). There, in a divorce case, the jury on the petition of the wife awarded alimony for the support of minor children where the wife only prayed for a total divorce and custody of the minor children. Though there was no prayer for alimony for the support of the minor children, there was introduced into evidence a written agreement between the father and mother that the mother should have the custody of the children and the father, without specifying the amount, would pay for their support and on the trial the mother testified as to the amount of money necessary for their support.

*Judgment affirmed. All the Justices concur.*