## 54577. SIMONDS v. SIMONDS.

QUILLIAN, Presiding Judge.

The plaintiff filed an affidavit for garnishment, alleging that the defendant was indebted to her in the amount of $4,200. It was alleged that the indebtedness arose out of a judgment obtained in 1961 in Fannin Superior Court, which amount represented alimony for the support of the parties' minor child.

The defendant filed a traverse, counter-affidavit, and response to the garnishment proceedings. The plaintiff filed a motion to dismiss the defendant's response, traverse, and counter-affidavit. The defendant then filed a motion for summary judgment, based on the contention that the alimony portion of the divorce decree of 1961 was void because the plaintiff in securing an acknowledgment of service from the defendant who was then in military service and stationed in California represented to him that she would not ask for support or alimony, and in filing the divorce petition the plaintiff did

not (1) pray for alimony,(2) amend her petition for alimony, further (3) that the defendant filed no answer, (4) that the defendant was not represented, (5) that the issue of alimony was not before the court.

After a hearing at which the trial judge considered pleadings, exhibits, and affidavits, the defendant's motion for summary judgment was granted. The plaintiff then appealed to this court. *Held:*

1. (a) Since fraud would be a basis for an equitable attack (*Hodges v. Cousins,* 88 Ga. App. 645, 646 (77 SE2d 83); Code Ann. § 81A-160 (e); Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) which could not be brought in the State Court of Fulton County (*Payne v. Shelnutt,* 126 Ga. App. 598, 599 (191 SE2d 487); *Prattes v. Southeast Ceramics,* 132 Ga. App. 584, 585 (208 SE2d 600)), the sole issue involves whether the failure to pray for child support renders the judgment void so as to subject it to collateral attack.

(b) "The rules permitting attacks upon judgments are designed to accommodate the desire to achieve justice and the practical necessity of bringing litigation to an end. To accomplish this Georgia has drawn a distinction between judgments which are void on their face and judgments which may be shown to be void for other causes. Except for certain statutory exceptions (Code § 110-711) judgments which are void for causes not appearing on their face may only be attacked directly and only by parties to the judgment or their privies. Code Ann. § 81A-160." *Wasden v. Rusco Industries,* 233 Ga. 439, 444 (211 SE2d 733). Accord, *Unigard Ins. Co. v. Kemp,* 141 Ga. App. 698, 700 (234 SE2d 539). See *International Paper Co. v. Kight,* 239 Ga. 551 (238 SE2d 88). Since the attack here made is collateral we must ascertain whether the judgment was void on its face at its inception and under the law applicable at that time.

2. The decisions cited by appellee, *Lambert v. Gilmer,* 228 Ga. 774 (187 SE2d 855), and *Thomas v. Davis,* 235 Ga. 32 (218 SE2d 787), are not applicable. They are predicated on judgments entered in proceedings after the advent of the Civil Practice Act. The instant judgment was entered in 1961.

3. Prior to the Civil Practice Act a judgment was not

subject to attack for any defect in the pleadings or record that was aided by verdict or amendable as a matter of form. Code § 110-705. Thus, omission of a prayer was considered an amendable defect. See, e. g., *Guthrie v. Spence,* 55 Ga. App. 669 (191 SE 188); *Fitzpatrick v. Paulding,* 131 Ga. 693 (63 SE 213); *Wright v. Fla.-Ga. Tractor Co.,* 218 Ga. 824 (2) (130 SE2d 736).

In *Barbee v. Barbee,* 201 Ga. 763, 767 (41 SE2d 126), the Supreme Court held: "It is the general rule of pleading and practice in this State, as to all courts, that relief can not be granted for matter not alleged or prayed for, and that a verdict and judgment which award relief beyond such pleadings and prayer are illegal and subject to be set aside. This general rule is based upon the principle that the court pronounces its decree secundum allegata et probata." However, the decision then proceeded to point out the well established exception to the general rule: "It has often been held by this court, that if proof goes to the jury without objection, which would show a right in the party offering it, the jury may consider it, although there are no allegations in the pleadings setting up the facts thus proved. This is put upon the ground that, if objections be made that the pleadings do not authorize the testimony, the party tendering it might amend so as to make it admissible." P. 768.

Following *Barbee,* supra, it was then held in *Nichols v. Nichols,* 209 Ga. 811 (1) (76 SE2d 400): "An amendment to the wife's petition, alleging that the child of the parties had been born subsequently to the filing of the divorce action, and praying for permanent alimony for the support of the child, would have been germane to her action for divorce and alimony. Any lack of pleadings or prayers was cured by the judgment and decree, and that part of the judgment awarding alimony for the minor child is not void."

Based on this authority it would appear that the 1961 judgment was not void on its face and therefore could only be attacked in the court of rendition. Not so, because the Supreme Court has ruled precisely on point. In *Frady v. Frady,* 222 Ga. 184 (149 SE2d 324), the Supreme Court applied the general rule above quoted, without mentioning the exception, and held that in the absence of

a prayer for child support, "The court was without authority to enter an award of alimony for the support of the child, and such award is void."

The Supreme Court also failed to consider the principles that the primary concern of the court is the welfare and protection of minor children and that the father has an obligation and duty to support his minor children. See *Barrow v. State,* 87 Ga. App. 572, 574 (74 SE2d 467); Code § 74-105. While the decision does not square with other recognized authority, we have no choice but to follow it.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

ARGUED OCTOBER 11, 1977 — DECIDED FEBRUARY 8, 1978 — REHEARING DENIED MARCH 10, 1978 — CERT. APPLIED FOR.

*John C. Tyler,* for appellant.
*Joseph S. Crespi,* for appellee.

ON MOTION FOR REHEARING.

Although we agree with counsel for movant that if possible *Frady v. Frady,* 222 Ga. 184 (149 SE2d 324), should be distinguished, we are unable to adopt his reasoning for rejecting it.

It is urged as a basis for distinction that in *Frady* the husband brought the divorce action and the wife failed to answer. Here, of course, the wife brought the action and could have amended her petition. However, this is a difference more apparent than real. Under the law even though the wife did not file a timely answer she "could at any time before final judgment contest the action, with or without formal pleading, and file a cross-bill for divorce and alimony." *Jolley v. Jolley,* 216 Ga. 51, 52 (114 SE2d 534). See *Cohen v. Cohen,* 209 Ga. 459 (74 SE2d 95). Thus, theoretically during the *Frady* trial the wife could have raised the issue of alimony for the support of her child but, in the absence of an express showing to this effect, the Supreme Court still found the award to be void.

*Motion for rehearing denied.*