Roseberry *vs.* Roseberry.

No. 29.—JAMES D. ROSEBERRY, plaintiff in error, *vs.* CATH-
ERINE ROSEBERRY, defendant in error.

[1.] Upon consideration of an application for alimony, by C R, pending a
suit for divorce by her, against J D R, and where J D R filed his plea re-
sisting such application, on the ground that he had never been lawfully
married to C R, and proposed to make proof of the same: *Held*, that such
plea should have been entertained; and that it was error in the Court be-
low to reject such proof, and to grant the application for alimony: *Held*,
also, that it was competent for the Judge, without the aid of a Jury, to have
tried and decided such issue.

Divorce and alimony, in Stewart Superior Court.　Decision
by Judge CRAWFORD, October Term, 1854.

Catherine Roseberry's libel for divorce stated, as grounds,
adultery and cruel treatment.　An application being made for
temporary alimony, James Roseberry made answer, that
though married *in fact* to libellant, the marriage was void, *in
law*, because she had a living husband at the time of the mar-
riage, and who is still alive.　On the hearing, he proposed to
prove these facts, and prayed a Jury to determine this prelim-
inary issue.

The Court refused the motion, and granted the application
for temporary alimony.　This decision is assigned as error.

B. S. WORRILL and J. JOHNSON, for plaintiff in error.

TUCKER & BEALL, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

The Court below seemed to think that the plaintiff in error,
in his answer to the petition for alimony, had admitted his mar-
riage with the defendant in error; for such admission is as-
signed as a reason why the Court should adopt the rule, that
upon proof of marriage, and suit for divorce, alimony will be
decreed, almost as matter of course.

This rule is correctly stated.   It obtained in the Ecclesiasti]
cal Courts, (*Mayhew vs. Mayhew*, 1 *Ecc. R.* 166,) and we
have adopted it in this State.   (*McGee vs. McGee*, 10 *Ga. R.*
488.   *Methvin vs. Methvin*, 15 *Ga.* 97.)   But we think that
the Court below erred in supposing, that in the case before
him, this rule required him to reject the issue tendered.

His Honor assumed that the marriage was proven by the
admission of the plaintiff in error.   On the contrary, he ex-
pressly denied it, alleging that the ceremony had been per
formed, when the parties were supposed to have been married;
but that the defendant in error was, at the time, a *feme co-
vert*, having a lawful husband then in life, and who is still in
life.

The marriage being thus denied, there was no proof of it,
nor anything that was equivalent to proof of it, before the
Court; and we think he should have entertained the issue which
the plaintiff in error proposed to make, and have heard the ev-
idence which he avowed a readiness to produce, for the pur-
pose of sustaining his plea.

His Honor was also of the opinion, that to allow this inquiry,
would have been to enter into a trial of the case upon its mer-
its.   The merits of the case, for divorce, rested upon the charge
of adultery.   Though, of course, there could have been no
adultery without a marriage between the parties; yet, the mar-
riage was a preliminary—a matter preliminary and necessary,
not only to the act of adultery, but to the right of the defend-
ant in error to proceed with her suit for divorce; and the gist
or substance of the suit, was the charge of such conduct on the
part of the plaintiff in error, as authorized the Court to dissolve
such marriage.   The rule that the Courts will not inquire close-
ly into the merits of the case for divorce, upon consideration of
the application for alimony, excludes the idea that the ques-
tion of marriage is regarded as part of these merits; for it is
immediately coupled with the proposition, that upon proof of
marriage and suit for divorce, the Court will not inquire into
the merits, &c.   The proposition therefore is, that upon proof
of marriage and suit for divorce, the Court will not, in such a

proceeding, closely inquire into the guilt of the defendant, and the plaintiff's right to a divórce.    And this very rule, which the Court below invoked as a guide in his judgment, precludes the inquiry into the merits, only where such marriage is pro-·ven.

But whilst we think the Court should have heard proof as to the fact in question, we do not agree with the Counsel for plaintiff in error, that the issue should have been submitted to a Ju-·ry.    By analogy to the practice of the Ecclesiastical Courts, the Judge was competent to hear and decide upon this and all other questions necessary to a determination of the applicant's right to alimony.

Let the judgment be reversed.