### 18796. LOCKHART *v.* LOCKHART.

HAWKINS, Justice. 1. Where, as here, a divorce and alimony proceeding, brought by the plaintiff as the alleged wife of the defendant, was heard by the trial judge without the intervention of a jury, and the court found and adjudged that there had never been a valid marriage, either ceremonial or common law, between the parties, the trial judge was without jurisdiction to award alimony to the plaintiff "for the support of their virtually adopted son," as was done in this case, because the right to recover alimony depends upon a valid subsisting marriage between the applicant and the man out of whose estate the allowance of alimony is claimed, and this is true even though it is claimed only for the support of a child. *Eskew* v. *Eskew,* 199 *Ga.* 513 (2) (34 S. E. 2d 697); *Harrison* v. *Harrison,* 208 *Ga.* 70 (65 S. E. 2d 173); *Roseberry* v. *Roseberry,* 17 *Ga.* 139.

2. In defense of an attachment for contempt brought by the plaintiff against the defendant for failure to pay the alimony, awarded as aforesaid, the defendant, within three years from the date of the rendition of the judgment (Code § 3-702), moved to set it aside upon the ground, among others, that the judgment is void because there can be no award of alimony for the maintenance and support of a minor alleged to have been virtually adopted, when the judgment shows upon its face that no marriage, common law or ceremonial, had taken place between the par-

ties, although they cohabited together as man and wife. Code § 110-701 provides that "A void judgment may be attacked in any court and by any person," and while an attachment for contempt is an available remedy to enforce a valid verdict and decree for alimony, "yet, if in such a proceeding it appears that the judgment awarding alimony is void for any reason, . . . the husband is privileged to collaterally attack it." *Allen* v. *Baker*, 188 *Ga.* 696 (1) (4 S. E. 2d 642); *Hagan* v. *Hagan*, 209 *Ga.* 313 (72 S. E. 2d 295); Code § 110-709. It was, therefore, error for the trial judge to deny the motion to set aside the judgment for alimony in this case.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 10, 1955—DECIDED FEBRUARY 14, 1955—
REHEARING DENIED MARCH 16, 1955.

*Emanuel Kronstadt*, for plaintiff in error.
*R. C. Monroe*, contra.