In the Matter of EVERETT G. GOWLER, Petitioner, *v.* WILLIAM S. HULTS, as Commissioner of Motor Vehicles of the State of New York, et al., Respondents.

Supreme Court, Special Term, Nassau County, August 9, 1962.

*Parnell J. T. Callahan* for petitioner. *Louis J. Lefkowitz,*
*Attorney-General (Philip Weinberg* of counsel), for respondents.

THOMAS P. FARLEY, J. This is an article 78 (Civ. Prac. Act)
proceeding to annul a determination of the Commissioner of
Motor Vehicles who revoked petitioner's nonresident driving
privileges, and to restrain the Commissioner of Police of Nassau
County from enforcing a pick-up order calling for the surrender
of petitioner's " current " motor vehicle registration, license
plates and operator's license (all of which were issued by the
State of Tennessee).

The petitioner is a member of the armed services assigned to
military installations in New York State, and currently occupies
quarters at Mitchell Manor in East Meadow. The petitioner
avers he was never a resident of the State of New York, and it
appears, without the petitioner so stating in fact, that he is a
resident of Tennessee. The petitioner holds an operator's license
issued by the State of Tennessee and is the owner of a vehicle
registered in that State. The vehicle is covered by an automobile
liability insurance policy issued by the Jefferson Insurance
Company of Pine Bluff, Arkansas.

On June 27, 1961, petitioner was involved in an automobile
accident in East Meadow, New York. On September 4, 1961, the
respondent Commissioner revoked the petitioner's nonresident
driving privileges for failure to show proof of financial respon-
sibility. An order was thereafter issued directing the respondent

Police Commissioner to pick up the petitioner's current certificate of registration, license plates and operator's license.

Subdivision 4 of section 311 of the Vehicle and Traffic Law defines an " owner's policy of liability insurance " to mean: " (c) In the case of a vehicle registered in another state * * * in the name of a non-resident, either a policy issued by an authorized insurer, *or a policy issued by an unauthorized insurer authorized to transact business in the state of his residence or in the state in which the vehicle is registered* if such unauthorized insurer files * * * a statement consenting to service of process and declaring its policies shall be deemed to be varied to comply with the requirements of this article ". (Italics supplied.)

The undisputed facts in this case reveal that the Jefferson Insurance Company with whom petitioner is insured is not authorized to transact business either in New York or in Tennessee, where petitioner resides and where his vehicle is registered. This company's authorization to do business is restricted to the State of Arkansas. The circumstance that the company filed the required statement consenting to service of process here, and declaring its policy amended to conform with our financial security laws does not afford the petitioner any basis for relief. Under our statute, the petitioner's policy was not valid. The petitioner, under section 311, must have procured either a policy from a carrier authorized to do business in this State, or from a company authorized to do business where he resided or registered his vehicle, viz., Tennessee. The petitioner failed to comply with either requirement. Consequently, at the time he was involved in an accident in this State, he could not show " proof of financial security ". Upon receipt of such evidence, it became the mandatory duty of the Commissioner of Motor Vehicles to revoke petitioner's privilege to operate *any* motor vehicle in this State including that owned by him (Vehicle and Traffic Law, § 318, subd. 4, par. [a] ; *Matter of Bookbinder* v. *Hults,* 19 Misc 2d 1062). The language of the statute is explicit, and no duty devolves upon the Commissioner to hold a hearing or to make findings of fact once he is in receipt of substantial evidence that a person is driving without proof of financial responsibility (cf. *Matter of Bookbinder* v. *Hults, supra,* p. 1065). The evidence here is both substantial and concrete.

Therefore, insofar as the petition seeks to annul the determination of the Commissioner of Motor Vehicles and his order number 6824 revoking petitioner's nonresident motor vehicle privileges, it is dismissed.

However, insofar as the petition seeks to restrain the Commissioner of Police of Nassau County from enforcing said order by seizing, withholding and confiscating petitioner's certificate of registration, license plates and operator's license, which were all issued by the State of Tennessee, it is granted.

The Commissioner of Motor Vehicles concedes that he has no power to revoke a Tennessee license and registration, and states that he is not attempting to do so. Yet the Commissioner of Police has made written demand upon the petitioner for the immediate surrender of his " current " license, registration and license plates, which were all issued by the State of Tennessee. However difficult it may be for the law-enforcement agency to implement an order of the Commissioner of Motor Vehicles revoking a nonresident's motor vehicle privileges within this State, the problem may not be summarily solved by simply seizing and withholding possession of the nonresident's certificate of registration, license plates and operator's license issued by another State.