## 22760. HAYNES v. HOWELL.

DUCKWORTH, Chief Justice. After a divorce between the parties in which an agreement between them became a part of the final decree giving exclusive custody of the minor children to the father, the mother brought this action for visitation priv-

ileges alone, alleging (1) she did not know when she signed the agreement that she would not be allowed to visit the children; (2) the father refuses to allow her to visit and see the children, and this will seriously impair and affect the minds of the children to the extent that their children will not, in time, recognize their mother and will refuse to accept her love and guidance; (3) both the former husband and his present wife work and leave the children with a maid during the day and there is no reason why the children should not be permitted to visit her nor was the divorce based on her unfitness in any way to visit the children. After a hearing in which the substance of the above pleadings was presented by the evidence, although no expert testimony was presented to show the children would in time suffer or be affected by the failure to know their mother, the court held that no material change affecting the welfare of the children was shown and found in favor of the defendant. Thereafter a motion for new trial, as amended, was filed, heard and overruled, and the exception is to that judgment. *Held:*

Visitation privileges being a part of custody, and the parties having by agreement failed to provide for any—the father having been given exclusive custody—no change in conditions affecting the interest and welfare of the children is shown by the evidence, hence the judgment denying the prayers of the petitioner was demanded.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 11, 1965—DECIDED FEBRUARY 4, 1965—
REHEARING DENIED FEBRUARY 18, 1965.

*Joel A. Willis, Jr.,* for plaintiff in error.
*Spencer & Armitage,* contra.