### 26906. GRACE BAPTIST CHURCH OF MARIETTA, INC. et al. v. TORCO, INC.

NICHOLS, Justice. On August 30, 1971, Torco, Inc., filed a complaint against Grace Baptist Church of Marietta, Inc., et al., in which it sought to enjoin alleged violations of zoning ordinances, etc., by the defendants. An instanter restraining order was entered and a hearing later set for September 7, 1971, at the request of the defendants. No oral testimony was heard on September 7, 1971, although certain stipulations were entered into. It was agreed that affidavits would be submitted by both sides to be considered by the court before a decision was rendered as to the continuance of such injunction. However, the ex parte restraining order previously granted was modified in the order directing that affidavits and citations of authority be filed so as to permit the defendants to conduct certain educational functions on such prop-

erty. The order concluded: "Counsel for all parties are directed to submit affidavits and citations of authority by no later than September 20, 1971, by 9:30 a.m. A decision of this court will be rendered upon consideration of the said affidavits and authority as to whether said injunction will be continued." It is from this order that the appeal is filed. *Held:*

The Appellate Practice Act (Ga. L. 1965, p. 18), as amended (*Code Ann.* § 6-701) provides in part that appeals may be taken "from all judgments or orders rendered *after hearing,* continuing in effect, modifying, vacating or refusing to continue, modify or vacate a temporary restraining order. . ." (Emphasis supplied.)

The order appealed from was not rendered after hearing but was rendered, according to its own terms, merely until the hearing was completed, to wit: when affidavits were submitted.

Under such circumstances no appealable judgment having been rendered, this court is without jurisdiction of the appeal and it must be dismissed.

*Appeal dismissed. All the Justices concur.*
ARGUED JANUARY 10, 1972—DECIDED JANUARY 19, 1972.

*Wyman C. Lowe,* for appellants.
*McDonald, Dupree, Channell & Rodriguez, John H. Moore,* for appellee.