28899. DARSEY v. DARSEY.

Ingram, Justice.

The parties in this case were divorced by a decree entered in the Superior Court of Lanier County on June 12, 1973, which incorporated an earlier written agreement between them. Under the terms of this agreement which became a part of the final decree, the husband was to have custody of the minor son of the parties and the wife was given "the right of reasonable visitation with the child, including the right to have the

child with her from 9:00 o'clock a.m. on Saturday morning until 5:00 o'clock p.m. on Sunday, on the first weekend of each month, provided she shall give the husband twelve hours advance notice of her impending visitation."

On October 8, 1973, the husband filed a complaint in the Superior Court of Lanier County seeking to have the wife adjudged in contempt of the final decree of the court and alleging the wife had picked up the minor child for a weekend visitation but failed and refused to return the child to the husband in accordance with the divorce decree. The wife filed defensive pleadings denying she was in contempt and alleging that she had notified the husband on Sunday that she desired to exercise her "reasonable rights of visitation" with the child through the following Tuesday. The wife also filed a counterclaim in the case alleging a change in conditions as to the child since the divorce decree and seeking a modification of its terms so as to provide her with the child's permanent custody due to the husband's alleged unfitness. The wife also pleaded alternatively that if the court failed to award the child's custody to her the decree should at least be modified to enlarge her rights of visitation with the child.

The case came on for a hearing in the Superior Court of Lanier County, and on February 26, 1974, the trial court entered an order finding "as a matter of fact that there has been no contempt by the [wife]" and "no evidence was introduced to sustain the defendant's [contention] that there has been such a change in conditions to require a change in the permanent custody of the minor child." The court further found, however, there was sufficient evidence to authorize a modification of the terms of the decree providing for visitation rights by the wife and then enlarged the original visitation rights granted to the wife.

The husband has appealed from this judgment of the trial court and enumerates as error that the trial court's order is legally contradictory because "the findings of fact in said order cannot support the conclusions of law . . ." The husband also assigns error on the trial court's alleged refusal to hear evidence from the husband on his complaint for contempt against the wife.

We agree with appellant that "a revision or change in visitation is legally a change of custody." *Haynes v. Howell,* 220 Ga. 659 (140 SE2d 897) makes clear that visitation privileges are a part of custody and that there must be a material change in conditions affecting the welfare of the child, occurring subsequent to the divorce decree, to authorize a modification of the decree respecting custody, including visitation. However, we cannot determine on appeal whether a trial court has abused its discretion in applying these rules to the evidence considered by the trial court unless we have a transcript of that evidence to review on appeal. In this case, we have only the court's record of the pleadings and orders entered by the trial court. Thus, we must presume the evidence considered by the trial court supports the rulings made in the case. Both of the enumerations of error in this appeal require a consideration of the evidence heard by the trial court. Appellant's brief acknowledges, "There was no court reporter employed or available at said hearing." Of course, the statute (Code Ann. § 6-805) provides alternate methods of assembling the evidence for presentation to this court on appeal; but, unless some authorized means is used to bring the evidence to this court on appeal, we cannot determine whether enumerations of error, which require consideration of the evidence, have any merit or not. Under these circumstances, we have no alternative except to affirm the judgment of the trial court. See *Stark v. Haney,* 227 Ga. 104 (179 SE2d 67) (1970).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 17, 1974 — DECIDED JUNE 12, 1974.

*Bennett, Saliba & Wisenbaker, George M. Saliba,* for appellant.

*Young, Young & Ellerbee, O. Wayne Ellerbee,* for appellee.