## 29274. CLEMENTS v. KUSHINKA et al.

GUNTER, Justice.

The appellees have filed a motion in this court to dismiss this appeal on the ground that it is not from an appealable judgment. We conclude that the motion must be sustained and this interlocutory appeal dismissed.

The appellant filed his complaint in the trial court against the appellees in which he sought, among other things, temporary and permanent injunctive relief with respect to disposing of or altering described real estate. At the time the complaint was filed, July 15, 1974, the trial judge entered a temporary restraining order ex parte that prohibited the appellees from disposing of or altering the described property "until further order of the court." This order further directed that the appellees show cause before the court on July 25, 1974, why the temporary injunctive relief sought should not be granted.

At the hearing held on July 25, 1974, the merits or demerits of an interlocutory injunction were not inquired into, because appellant needed to conduct discovery procedures. The appellant asked for a continuance which was granted, but the trial judge dissolved the ex parte temporary restraining order previously entered. There is no certificate for immediate review, but appellant seeks to have this court review this judgment on the ground that it is appealable pursuant to Code Ann. § 6-701 (a3). This provision of the Appellate Practice Act says in effect that an appeal can be taken without a certificate "from all judgments or orders rendered after a hearing . . . vacating . . . a temporary restraining order."

The Civil Practice Act (Code Ann. § 81A-165 (b)), provides that a temporary restraining order entered ex parte shall automatically expire within thirty days after entry or within such shorter period of time as the court may fix. This statute also provides that when a motion for interlocutory injunction comes on for hearing, the party who obtained the temporary restraining order shall proceed with the application for an interlocutory injunction, and if he does not do so, the court shall dissolve the temporary restraining order.

The trial judge took the position that since the

hearing was not to proceed on the motion for a temporary injunction, at which the contesting parties could present evidence on the merits, he was required by Code Ann. § 81A-165 (b) to dissolve the temporary restraining order.

The appellees contend that such a dissolution order, which is automatic if the merits are not reached after hearing, is not an appealable judgment. See *Grace Baptist Church v. Torco, Inc.,* 228 Ga. 851 (186 SE2d 865) (1972), and *Hulsey v. Smith,* 223 Ga. 522 (156 SE2d 353) (1967).

The automatic dissolution of a temporary restraining order is not an appealable judgment. The only time that an order dissolving a temporary restraining order becomes appealable is pursuant to the following: "On two days' notice to the party who obtained the temporary restraining order without notice or on such shorter notice to that party as the court may prescribe, an adverse party may appear and move its dissolution or modification and in that event the court shall proceed to hear and determine such motion as expeditiously as the ends of justice require." Code Ann. § 81A-165 (b).

In other words, the issue of dissolution must have been heard and determined on its merits before a judgment dissolving or refusing to dissolve a temporary restraining order is subject to an interlocutory appeal.

The judgment appealed from here was not an appealable judgment.

*Appeal dismissed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED OCTOBER 15, 1974 — DECIDED NOVEMBER 26, 1974.

*J. Laddie Boatright,* for appellant.
*Martin, Snow, Grant & Napier, George C. Grant, Dan S. Beeland, Austin J. Kemp, II,* for appellees.