### 29860, 29897. STRICKLAND v. WILLIAMS (two cases).

HILL, Justice.

The parties were divorced in 1971, custody of their

8-month-old only child being awarded to the father pursuant to agreement. By such agreement, the 17-year-old mother was allowed visitation rights between 10 a.m. Saturday and 6 p.m. Sunday on the first and third weekends of each month.

In December 1974, the mother moved to have the father held in contempt and applied for change of custody. The trial court held the father in contempt for wilfully denying the mother her visitation rights on December 7, 1974, held that he could purge himself by paying the mother $50 and the court costs, and ordered him to pay $100 as attorney fees.

The court below denied the change of custody application but increased the mother's visitation rights to include from 3 p.m. on December 25 to 6 p.m. on December 31, and July 15 to August 15 each year.

On appeal, the father enumerates as error the order revising the mother's visitation rights and the order finding him in contempt and requiring him to pay $100 attorney fees.

1. Where, in considering an application for change of custody, the court revises visitation rights slightly, then only slight evidence of change of condition is necessary to justify the change ordered by the trial court. There was sufficient evidence here for that purpose.

The mother, now 21, has remarried and she and her husband are raising a family. Her child by the former marriage is now 4 years old. The child's father has remarried. The father has, at least on one occasion described below, permitted the child's stepmother to determine whether the mother shall be permitted to exercise her visitation privileges. There was evidence before the trial court that the child was somewhat confused as to what to call his mother and stepmother.

We find no error in increasing the mother's visitation rights to include a week at Christmas and a month in the summer.

2. Appellant complains that the mother was permitted to testify as to a conversation the mother had with the stepmother concerning the visitation on December 7, 1974, contending that this was hearsay as to the father and has no probative value even though not

objected to.

The evidence showed as follows: The mother telephoned the father to see if the child could visit her the first weekend in December. He said, "No," and when asked why, said, "Just because." Then he said, "Call [the stepmother] when she gets home from work." During the conversation between the mother and stepmother, the stepmother said, according to the mother's testimony, that she felt the child would be better off not seeing the mother anymore and that if he did not see his mother for a few weeks, then he would not want to see her anymore.

This was not inadmissible hearsay. When the father failed to give any explanation as to why he would not comply with the visitation rights fixed by the divorce decree, but referred the mother's inquiry to his new wife, he thereby made his wife his agent to explain or justify his contumacious conduct.

Although the evidence as to this conversation and as to the father's reasons for refusing to allow visitation on December 7, 1974, was in conflict, there was evidence to support the trial court's determination that the father wilfully denied the mother her visitation rights on this occasion. *Bowen v. Bowen,* 230 Ga. 670 (2) (198 SE2d 862).

3. Expenses of litigation, including attorney fees, generally are not allowed (Code § 20-1404) in the absence of statutory provision therefor.

Code Ann. § 30-219, enacted in 1947 (Ga. L. 1947, p. 292), in effect provides that attorney fees shall be awarded where the defendant is found in contempt for nonpayment of alimony or child support either temporary or permanent. In enacting this provision, the General Assembly could have, but did not, authorize attorney fees where the defendant is found in contempt of court for any reason necessitating the citation for contempt.

The award of attorney fees in this case was not authorized by statute. *Bowen v. Bowen,* 230 Ga. 670 (4) supra. The court is directed to delete that portion of the order which awards $100 to the mother to assist her in the payment of counsel fees.

*Judgment affirmed with direction. All the Justices concur.*

ARGUED MAY 12, 1975 — DECIDED JUNE 25, 1975 —
REHEARING DENIED JULY 10, 1975.

*Tom Strickland,* for appellant.
*Carey C. Carter, Jr.,* for appellee.