## 30411. HABERMAN v. BIVENS.

UNDERCOFLER, Presiding Justice.

This is a proceeding to change the custody of a minor child from its mother to its nonresident father or alternatively for specific visitation periods instead of the reasonable periods authorized by the divorce decree.

The evidence shows that the child is now five years of age, that the mother remarried about four months prior to the hearing and that she and the family plan to move to Virginia. The natural father testified that the mother told him that, "seeing me would mess the child up because he's got a new father now and it would affect him. And that was — it would affect him mentally and it would be bad on a relationship between her new husband and myself." When the father telephoned for a visitation period in January, 1975, the mother told him that the child was in a preschool program and that there would be no point in even trying to visit him again until school was completed.

The father testified that the mother threatened to shoot him when he told her in January that he wanted to obtain legal custody of the child. The father was allowed a visit with the child overnight again in June prior to service of this proceeding. The hearing was held in July, 1975. The above enumerated facts were uncontradicted.

The trial court found that the circumstances had materially changed adversely to the child's health and welfare and granted specific visitation rights to the father, reduced the child support payments during the 45 days the child was with the father during the summer, ordered the parties to engage in certain communications and activities concerning the child, and provided that the mother would forfeit her right to custody if she failed to comply with the visitation scheduled by the trial court. The appeal is from this judgment. *Held:*

1. The appellant mother contends that the trial court erred in finding that circumstances had materially changed affecting the child's health and welfare and in ordering the parties to engage in certain communications and activities concerning the child.

"Changed conditions affecting the welfare of a child . . . which will warrant the issuance of a new judgment by a habeas corpus court effecting a change of custody or visitation rights is essentially a fact issue in each individual case which must be decided by the habeas corpus court. And if there is 'reasonable evidence' in the record to support the decision made by the habeas corpus court in changing custody or visitation rights, then the decision of the habeas corpus court must prevail as a final judgment. . ." *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974).

There is no merit in appellant's contentions since there was reasonable evidence presented to support the decision of the trial court.

2. The appellant contends that the trial court erred in reducing the amount of child support during the 45 days the child was with the father during the summer.

"Where a father has been required by a final decree in a divorce case to pay a designated amount periodically as permanent alimony for the support of the minor children of the marriage, he may in a proper action

brought under Code Ann. §§ 30-220, 30-221, 30-222, 30-223, 30-224 and 30-225 (Ga. L. 1955, pp. 630-632, as amended by Ga. L. 1957, pp. 94-96), show that his financial condition has changed, and obtain a judgment decreasing the amount he must pay. However, until and unless such proceedings are instituted conformant with the provisions of Code Ann. § 30-220, supra, the original permanent-alimony decree is res judicata as to the amount the father must pay for the support of the children." *Roberts v. Mandeville,* 217 Ga. 90, 92 (121 SE2d 150) (1961); *Deese v. Deese,* 230 Ga. 105 (196 SE2d 16) (1973).

The trial court erred in reducing the amount of child support during the 45 days in the summer when he allowed the child to be with his father since there is no evidence of any change in the father's financial condition. Upon the return of the remittitur to the trial court, direction is given that the provision of the decree reducing the child support payment during the summer be stricken.

3. The appellant mother contends that the trial court erred in ordering that she would forfeit custody of the child if she failed to grant the father the visitation rights scheduled by the court. This contention is meritorious. The court was not authorized to prejudge a change of conditions which would alter custody. *Daugherty v. Murphy,* 225 Ga. 588 (2) (170 SE2d 428) (1969).

Accordingly, that part of the final judgment complained of is surplusage and upon the return of the remittitur to the trial court, direction is given that this forfeiture provision be stricken.

*Judgment affirmed in part and reversed in part with direction. All the Justices concur.*

ARGUED OCTOBER 14, 1975 — DECIDED NOVEMBER 4, 1975.

*Richard C. Freeman,* III, for appellant.
*Jack P. Turner, Robert G. Wellon,* for appellee.