## 30413. NODVIN v. NODVIN.

INGRAM, Justice.

This is a habeas corpus custody case from DeKalb Superior Court in which the trial judge modified the original visitation rights contained in a final divorce decree. The appeal asserts the trial judge erred in granting increased visitation rights to the father because the pleadings and evidence fail to show a material change of conditions affecting the welfare of the child occurring subsequent to the divorce decree. See *Darsey v. Darsey,* 232 Ga. 381, 383 (207 SE2d 22) (1974). Appellant also contends the trial court's order is legally insufficient because it makes no findings of fact and conclusions of law. See *Githens v. Githens,* 234 Ga. 715 (217 SE2d 291) (1975).

A change in visitation amounts to a change in custody in legal contemplation since visitation rights (sometimes called visitation privileges) are a part of custody. The changed conditions, which must occur to authorize a change in custody or visitation, must be material changes. *Darsey v. Darsey,* supra. This is the test the trial court must use in deciding whether to change custody or to change visitation. However, on review of the trial court's judgment, this court has said that, "if there is 'reasonable evidence' in the record to support the decision made by the habeas corpus court in changing custody or visitation rights, then the decision of the habeas corpus court must prevail as a final judgment, and it will be affirmed on appeal." *Robinson v. Ashmore,* 232 Ga. 498, 500 (207 SE2d 484) (1974).

It is true that in *Robinson* we did not use the word "material" to characterize the "changed conditions" which must occur to authorize a modification or change of the earlier divorce decree. However, it is implicit in what is said in *Robinson* that the "changed conditions" must be "material," i.e., the trial court must find there has been a material change of conditions. See, e.g., *Haberman v. Bivens,* 235 Ga. 537 (1975).

We cannot say that the trial court's judgment is not supported by "reasonable evidence" in this case. Consequently, under *Robinson,* the trial court's judgment will be affirmed. A review of the trial court's judgment shows that it sufficiently complies with the CPA requirement (Code Ann. § 81A-152 (a)) that, in cases of this nature, the trial court make findings of fact and conclusions of law which were held to be mandatory in *Githens v. Githens,* 234 Ga. 715, supra.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

ARGUED OCTOBER 15, 1975 — DECIDED NOVEMBER 24, 1975 — REHEARING DENIED DECEMBER 15, 1975.

*Hunter & Robins, Mathew Robins,* for appellant.
*Marvin P. Nodvin, William J. Dawkins,* for appellee.

HILL, Justice, concurring specially.

I concur in the judgment for the reasons stated in *Strickland v. Williams,* 234 Ga. 752, 753 (218 SE2d 8) (1975), namely that "Where, in considering an application for change of custody, the court revises visitation rights slightly, then only slight evidence of change of condition is necessary to justify the change ordered by the trial court."