## 31509. McLENDON v. McLENDON.

HALL, Justice.

Appellant, Jessie McLendon, appeals two orders of the Superior Court of Fulton County, one denying his petition to set aside a final divorce, the other adjudging him in contempt of court.

Appellant filed for divorce from appellee, Laurin

McLendon, alleging that their marriage was irretrievably broken. Appellee answered and counterclaimed for divorce on the same ground. A rule nisi hearing was held to determine temporary alimony and support; by court order appellee was given temporary use of the couple's home and household effects and temporary alimony. Subsequent to the rule nisi hearing and order appellant amended his divorce complaint, alleging that the parties' 1966 marriage is null and void because appellee was never validly divorced from one Theodore Askew in 1954. The basis of the appellant's attack on the appellee's prior divorce was improper service on the non-resident husband. Several weeks after appellant filed his amended complaint, the appellee filed a contempt action against the appellant for his failure to comply with the earlier rule nisi order regarding temporary alimony and support. Since the appellant was using the allegedly invalid prior divorce as a defense to his failure to comply with that order, one hearing was held to consider both petitions. As a result of that hearing the trial court issued two orders, one denying appellant's petition to vacate appellee's 1954 divorce, the other finding appellant in contempt of the court's April 9, 1976 order.

1. The trial court found that while the publication notice of appellee's divorce petition was not timely mailed to her then husband in 1954, he was presumed dead at the time of appellee's marriage to appellant in 1966, since neither the appellee nor anyone else most likely to hear from Theodore Askew had seen or heard from him since October 1948. This court has held that where the validity of a second marriage is challenged, a presumption arises that the last marriage is valid until evidence is adduced that the spouse of the first marriage is living. *Patrick v. Simon,* 237 Ga. 742 (1976); *Smith v. Smith,* 230 Ga. 616, 618 (198 SE2d 307) (1973). The trial court in this case found that appellee's previous husband had not been seen or heard from for more than seventeen years prior to appellant's and appellee's marriage. There is no transcript of the hearing; we have only the court's record of the pleadings and the orders entered by the trial court to review. Thus, we must presume the evidence

considered by the trial court supports the rulings made. *Darsey v. Darsey,* 232 Ga. 381, 383 (207 SE2d 22) (1974).

2. Appellant also appeals the trial court's order finding him in contempt of the court's April 9, 1976 order. There being no transcript of evidence on the contempt hearing, it cannot be said that the trial court abused its discretion in finding the appellant in contempt of its order. *Hopkins v. Hopkins,* 237 Ga. 845 (1976); *Darsey,* supra at 383.

*Judgment affirmed. All the Justices concur.*

Submitted September 3, 1976 — Decided November 3, 1976.

*J. L. Jordan,* for appellant.

*Nadler, Gold & Beskin, Howard A. Gold,* for appellee.