## 31986. PENNSYLVANIA POORBOY, INC. v. ROBBINS RESTAURANT, INC.

HALL, Justice.

This appeal is from a judgment and order of the Superior Court of Cobb County dissolving a temporary restraining order which it had previously entered. The order appealed from is an appealable judgment because a hearing was held on the merits of the dissolution by the trial court; the dissolution was not automatic. This was the equivalent of the denial of an interlocutory injunction. See Code Ann. § 6-701 (a) 3; *Clements v. Kushinka,* 233 Ga. 273 (210 SE2d 804) (1974); *Howard v. Smith,* 226 Ga. 850 (178 SE2d 159) (1970).

"The granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. The power shall be prudently and cautiously exercised, and except in clear and urgent cases should not be resorted to." Code Ann. § 55-108. It is well settled that the discretion of a trial judge in granting or denying interlocutory injunctive relief will not be interfered with in the absence of a showing of manifest abuse. *Pendley v. Lake Harbin Civic Assn.,* 230 Ga. 631, 636 (198 SE2d 503) (1973).

There being no transcript of the hearing on the motion to dismiss the temporary restraining order, we have only the court's record of the pleadings and the orders entered by the trial court to review. Thus, we must presume the evidence considered by the trial court supports the ruling made. It cannot be said that the trial court

abused its discretion in dissolving the temporary restraining order. Cf. *McLendon v. McLendon,* 237 Ga. 870 (230 SE2d 305) (1976); *Darsey v. Darsey,* 232 Ga. 381, 383 (207 SE2d 22) (1974).

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 4, 1977 — DECIDED
MARCH 10, 1977.

*Noble Miller, Jr., Kennith Ott,* for appellant.
*Parker, Johnson & Cook, Terrill A. Parker, G. Donald Johnson, Charles L. Newton, II,* for appellee.