## 32188. LEITZKE v. LEITZKE.

HALL, Justice.

This is an appeal from an order of the Superior Court of Muscogee County dismissing appellant's complaint for divorce, alimony and child support.

Appellant and appellee were first married on July 4, 1964. An interlocutory judgment of divorce between the parties was entered in California on January 25, 1968; a final judgment of divorce was entered in that state on December 20, 1968. Two children were born of the marriage prior to the filing of the divorce. Following the interlocutory judgment of divorce, but before the final divorce decree, appellant entered into a ceremonial marriage with Earl Steele Crumley and gave birth to a third child named Earl Clayton Crumley. Appellant and Crumley never obtained a divorce from one another. On August 22, 1971, appellant and appellee again entered into a ceremonial marriage and lived together as husband and wife until July 1, 1976, at which time the parties separated and appellant filed her complaint for divorce, alimony and child support. Following a rule nisi hearing,

the trial judge dismissed the appellant's complaint upon a finding that a common law marriage existed between Crumley and appellant which had never been dissolved by divorce and therefore appellant's second marriage to appellee was void. Appellant appeals that order.

1. Appellant enumerates as error the trial court's finding that her second marriage to the appellee was void because of a prior undissolved common law marriage to Earl Crumley.

The appellant's marriage to Crumley was not made an issue in the pleadings of this case; evidence regarding that issue was introduced for the first time at the rule nisi hearing. There is no transcript of that hearing. While there is a presumption of the validity of the last marriage, we must presume that the evidence considered by the trial court supported the findings made since we have no transcript of the rule nisi hearing to review. *McLendon v. McLendon,* 237 Ga. 870 (1) (230 SE2d 305) (1976); *Darsey v. Darsey,* 232 Ga. 381, 383 (207 SE2d 22) (1974). "Unless some authorized means is used to bring the evidence to this court on appeal, we cannot determine whether enumerations of error, which require consideration of the evidence, have any merit or not." *Darsey,* supra, at 383. Because the trial judge found that there was a prior undissolved common law marriage and such a marriage renders a subsequent marriage void, we find this enumeration to be without merit. See *Evans v. Marbut,* 140 Ga. App. 329 (231 SE2d 94) (1976), cert. improvidently granted, No. 31918, decided February 1, 1977.

2. Appellant also contends that if her 1971 remarriage to appellee was in fact invalid, the trial judge erred in dismissing that portion of her complaint seeking temporary and permanent child support. We agree.

Under Code Ann. § 74-105 a father has a legal obligation to provide for the maintenance, support and education of his minor children until they reach the age of majority. While cases decided prior to the enactment of the Civil Practice Act (CPA) held that where a claim for child support is strictly incidental to an action for divorce which is ultimately not granted, the court is without jurisdiction to award child support incident to the divorce

action,[1] we find these cases to be inapposite.

The CPA abolished "issue pleading," substituted in lieu thereof "notice pleading," and directs that "all pleadings shall be so construed as to do substantial justice." Code Ann. § 81A-108; *Dillingham v. Doctors Clinic,* 236 Ga. 302 (223 SE2d 625) (1976). "Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cochran v. McCollum,* 233 Ga. 104, 105 (210 SE2d 13) (1974). Since the appellant did state a valid claim for relief for child support in the divorce complaint, we find that that portion of the complaint was erroneously dismissed.

We note in passing that if the 1968 California divorce decree between these parties contained a child support provision, such a provision would still have force and effect.

*Judgment affirmed in part and reversed and remanded in part. All the Justices concur.*

ARGUED APRIL 13, 1977 — DECIDED MAY 12, 1977.

*Araguel, Sanders & Carter, Patrick J. Araguel, Jr., Jerry D. Sanders,* for appellant.

---

[1] See, e. g., *Lockhart v. Lockhart,* 211 Ga. 482 (1) (86 SE2d 297) (1955); *Harmon v. Harmon,* 209 Ga. 474 (3, 4) (74 SE2d 75) (1953).