# STATE OF OREGON,
*Respondent,*

*v.*

# RANDY ZANE JUSTESEN,
*Appellant.*

## (10-81-00786; CA A24252)

665 P2d 380

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Defendant was convicted of driving while his license to do so was revoked. ORS 487.560. He appeals, contending, *inter alia,* that the trial court erred in excluding from evidence his Washington driver's license and a Washington Department of Licensing's Verification of defendant's Washington license. We affirm.

The facts are undisputed. On April 2, 1979, defendant's Oregon driver's license was revoked following his conviction of negligent homicide. The revocation order stated that defendant would

"* * * be eligible to apply for an original Oregon driver license on or after 03-02-80, providing proof of future financial responsibility is on file with this Division."

In May, 1979, defendant obtained liability insurance and applied for reinstatement of his license, which was denied because the revocation order had not expired. He let his insurance lapse, and on September 11, 1979, his license and right to apply for a license were revoked until the provisions of the financial responsibility law had been met.

On January 9, 1980, defendant became a resident of the state of Washington, and on March 19, 1980, he obtained a valid Washington driver's license. On December 11, 1980, while he was a Washington resident, he was driving in Oregon when he was stopped by a police officer, because he failed to display a front license plate on his car. Although he produced his valid Washington driver's license, he was arrested for the felony of driving while his license was revoked after a record check revealed the status of his Oregon license. At trial, the circuit court refused to admit evidence of defendant's valid Washington license on the ground that it was irrelevant, and defendant was found guilty.

■ ORS 486.021(1) requires that the driver of a vehicle which is in any manner involved in an accident causing injury or death to a person, must, within 30 days, file with the Division and thereafter maintain for a period of three years, proof of future responsibility. "Driver" is defined by ORS 486.011(2) "as every person, *including a nonresident,* who drives or is in actual physical control of a motor vehicle." (Emphasis supplied.) Under those two provisions, defendant, as a driver who

had been involved in a fatal accident, was required to establish and maintain proof of future responsibility with the Oregon Department of Motor Vehicles for a period of three years. That requirement would have been applicable to defendant even if he had been a nonresident at the time of the accident. The accident occurred on September 8, 1978. Defendant was arrested on the present charge on December 11, 1980. Therefore, under the unequivocal wording of the statute, defendant was required to have had in effect proof of future responsibility at the time of his arrest.

ORS 486.211 provides that the penalty for failure to file with the Division proof of future responsibility when such proof is required is revocation or suspension of the license or the permit or the right to apply. ORS 486.216(2) provides for the revocation or suspension of the license of a nonresident for failure to file proof of future responsibility.

Here, the initial revocation of defendant's license resulted from a fatal accident. Subsequently, defendant's right to apply for a license was revoked because he failed to be in, and maintain, compliance with this state's laws regarding proof of future financial responsibility. Both revocations would have been valid even if defendant, at the time of revocation, had been a Washington resident with a Washington driver's license. He had failed to fulfill the condition precedent to his right to apply for a license or to drive in Oregon — establishing proof of future financial responsibility with the Department of Motor Vehicles. The revocation of defendant's right to apply for an Oregon license and his right to drive in Oregon remained in force at the time he was cited for the present offense. We conclude that the trial judge did not err in refusing to admit evidence of defendant's Washington driver's license on the ground of relevancy.[1]

Defendant contends, however, that Oregon's "failure to honor his Washington operator's license" violates the Full Faith and Credit Clause of the United States Constitution, the

---

[1] If defendant had complied with the laws governing future financial responsibility, his valid Washington driver's license would have been a complete defense to the citation. Washington was authorized to issue a valid license to defendant under the Driver License Compact to which the two states are signatories (ORS 482.820; RCW 46.21.010) after the expiration of one year from the date of revocation (Article V(2), Driver License Compact).

Due Process and Equal Protection Clauses of the Fourteenth Amendment and Article I, section 20, of the Oregon Constitution.

Defendant fails to explain how his due process and equal protection rights were violated. He was treated the same under the financial responsibility law as any driver in the state of Oregon, resident or nonresident. Under ORS 486.221, he was required to be given notice and an opportunity to be heard prior to the revocation, and there is no contention that the statutory procedures were not followed in this case. The due process and equal protection arguments are without merit.

■ Defendant's argument based on the Full Faith and Credit Clause, however, presents a more difficult question. The right of a state to regulate the use of its highways by nonresidents in order to protect public safety has been recognized almost from the time the automobile was invented. *Hendrick v. Maryland,* 235 US 610, 622, 35 S Ct 140, 59 L Ed 385 (1914). Many states have statutes permitting the revocation of the right to drive in a state after a driver has been involved in an accident in that state and has failed to pay a judgment or to furnish proof of future financial responsibility. *See Dept. of Safety v. Inby,* 232 Ga 384, 207 SE2d 22 (1974); *Limbaugh v. State Department of Public Safety,* 275 Ala 260, 154 S2d 18 (1963); *Gowler v. Hults,* 35 Misc 2d 902, 231 NYS2d 932 (1962); *Render v. Mann,* 271 Ala 558, 126 S2d 94 (1961). However, we are not aware of any cases dealing with a full faith and credit challenge to the revoking state's authority.

Whatever the case might be in the absence of an interstate compact, when, as here, such a compact exists, it is controlling. For example, Washington is under no constitutional mandate to honor revocation orders issued by Oregon. It does so, however, because, and to the extent that, it has agreed to do so under the Driver License Compact to which both states are signatories. ORS 482.820; RCW 46.21.010. Under Article V(2) of the compact, Washington is authorized to issue a license after the expiration of one year from the date of revocation. However, the compact does not require Oregon to permit a licensee under that provision to drive in Oregon, because Article VI reserves

"* * * the right to any party state to apply any of its other laws relating to licenses to drive to any person or circumstance

* * * except as expressly [provided otherwise] by provisions of the Compact."

■ Because Oregon expressly prohibits drivers in defendant's position from driving in this state until certain conditions have been met, the compact authorizes Oregon to apply its law to defendant, even though he was validly licensed in Washington. Defendant, having been involved in a fatal accident in Oregon, has proven his potential for harm to the safety of Oregon residents, and the state has the right to protect its citizens by requiring defendant to prove his future financial responsibility as a condition to driving on the roads of Oregon.

Affirmed.