## S05F0825. BLUE v. BLUE.
### (615 SE2d 540)

THOMPSON, Justice.

We granted wife's application for a discretionary appeal pursuant to this Court's pilot project in domestic cases. Because wife cannot demonstrate error, we affirm.

Husband sued wife for divorce. At the commencement of the final hearing, the parties announced that they reached a settlement with regard to the marital residence and the division of personal property. Thereupon, the court heard evidence and argument of counsel on the remaining issues of custody, visitation, child support, alimony and attorney fees. At the conclusion of the hearing, the court awarded joint legal custody of the children to the parties and set forth a visitation schedule. The court declined to award child support to either party in light of the joint custody arrangement and the fact that the wife "has income potential roughly equivalent to [husband's]." It also declined to award alimony, and it ordered each party to bear his or her own attorney fees. Wife filed a motion for new trial, a motion to set aside judgment, and a motion to enforce agreement, in which she asserted that, prior to the final hearing, the parties announced that they entered into a settlement agreement as to *all issues*, except transportation of the children for visitation purposes. The trial court denied the motions, observing that they were not supported by the facts "as reflected by the trial court's notes and specific reflections of the events which took place in court." This discretionary appeal followed.

1. Wife asserts the trial court erred in finding that her earning capacity is approximately equal to husband's. However, the final hearing was not transcribed and, in the absence of a transcript of the evidence, we must presume that the evidence supports the judge's findings. *Leitzke v. Leitzke*, 239 Ga. 17 (235 SE2d 500) (1977). "Unless some authorized means is used to bring the evidence to this court on appeal, we cannot determine whether enumerations of error, which require consideration of the evidence, have any merit or not." (Punctuation omitted.) Id. at 18.

2. Likewise, in view of the lack of a transcript, we cannot consider wife's contention that the parties reached a settlement which was announced in court and which should have been enforced. See Division 1.

3. Wife's assertion that she was unable to have the hearing transcribed because the trial court erroneously "released" the court reporter is without merit. The burden was on wife, as the appellant, to ensure that the proceedings were transcribed and that a transcript was prepared. *Graham v. Haley*, 224 Ga. 498, 500 (162 SE2d 346) (1968). See also OCGA § 5-6-41 (c).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 2005.

*Carlisle, Wren & McClurg, Dale A. Wren*, for appellant.
*Harry H. Harkins, Jr.*, for appellee.