### S12A0222. SCHERER v. TESTINO.
(727 SE2d 490)

HUNSTEIN, Chief Justice.

Joseph Testino filed a motion for contempt against Tanya M. Scherer, his former wife, for closing a business checking account in violation of the parties' 2008 divorce decree. The trial court found Scherer in criminal and civil contempt for interfering with the operation of the business that had been awarded to Testino as part of the divorce. This Court granted Scherer's application for discretionary appeal to address whether the trial court abused its discretion in holding her in contempt. Because Scherer did not violate the terms of the decree or the agreements between the parties, we reverse.

During their two-year marriage, the Testinos created a sole proprietorship, Tanya Testino d/b/a Stamen Medical Systems, that sold erectile dysfunction aids. Although the business's banking account and Medicare provider number were in Scherer's name, Testino handled Stamen's day-to-day operations. The couple divorced in February 2008, and Stamen was awarded to Testino.

The parties' amended settlement agreement, which was incorporated into their divorce decree, required Scherer to sign documents releasing her interest in Stamen and prohibited her from visiting, contracting, or communicating with any person or company as a representative of Stamen or otherwise interfering in the business. The agreement further provided:

> Stamen Medical Systems shall continue to use [Scherer's] name, account numbers and or any other information needed

to carry out the business practices until July 3, 2008. [Scherer] shall not withdraw, deposit, cancel or conduct any business or personal transactions with or on behalf of Stamen Medical Systems.

The divorce decree included a provision enjoining each party "from committing or attempting to commit, or threatening to commit any act of injury, maltreatment, harassment, harm, abuse or stalking upon the other party."

After the transfer of ownership did not occur in July 2008, the trial court entered an order finding that Testino was the sole owner of Stamen and divesting Scherer of all ownership interest as of July 3, 2008. On December 8, 2008, in compliance with another court order, the parties executed an asset transfer agreement that included a provision on the temporary maintenance of accounts. It required Scherer to "maintain the current Business checking account for a period of thirty (30) days after the execution of this agreement to allow the deposit of any outstanding invoices or receivables due the Business."

In April 2009, Testino acquired a new Medicare provider number and stopped filing Medicare claims under Scherer's number. On June 25, 2009, Scherer notified Testino that she intended to close the business checking account that was in her name. Testino responded that the account needed to stay open until September 2009 to enable the processing of pending appeals and applications for redetermination of denied Medicare claims. On July 13, 2009, Scherer closed the account and forwarded the account balance of $4,197.33 to Testino.

The following day Testino filed a motion for criminal contempt. After two hearings, the trial court found that Scherer violated the divorce decree and settlement agreement by closing Stamen's business checking account where Medicare deposits were made and by communicating with the bank and conducting business as a representative of Stamen. Addressing the asset transfer agreement, the trial court found that the agreement's 30-day period for maintaining the checking account was an unrealistic time limit and, further, that Scherer had waived the 30-day provision to close the account. Based on these findings, the trial court held Scherer in criminal and civil contempt, ordered that she be confined to jail, awarded Testino $52,035.60 in damages and $33,194.55 in attorney fees, and provided that Scherer could purge herself of contempt by paying all amounts due within 60 days.

1. Scherer contends that the trial court erred in holding her in criminal and civil contempt because she complied with the amended settlement agreement and asset transfer agreement in deciding to

close the checking account. Specifically, she contends that the trial court improperly modified the two agreements to provide that Stamen could continue to use her name and account numbers to carry out its business practices as long as it was convenient.

In a contempt action, the trial court has wide discretion in determining whether a party has violated a court order. *Kaufmann v. Kaufmann*, 246 Ga. 266, 269 (3) (271 SE2d 175) (1980). "Before a person may be held in contempt for violating a court order, the order should inform him in definite terms as to the duties" imposed, and the command must be expressly stated in "clear and certain" language. *Hall v. Nelson*, 282 Ga. 441, 444 (3) (651 SE2d 72 (2007) (citations and punctuation omitted). While a trial court may interpret a divorce decree or clarify a prior order in resolving a contempt issue, it does not have the power to modify a prior decree in a contempt proceeding. *Killingsworth v. Killingsworth*, 286 Ga. 234, 236 (2) (686 SE2d 640) (2009). The distinction "is whether the clarification is reasonable or whether it is so contrary to the apparent intention of the original order as to amount to a modification." *Cason v. Cason*, 281 Ga. 296, 297 (1) (637 SE2d 716) (2006) (citation and punctuation omitted). When a contractual term of a settlement agreement " 'is clear, unambiguous, and capable of only one interpretation as written, the provision's plain meaning must be strictly enforced.' " *Page v. Baylard*, 281 Ga. 586, 587 (1) (642 SE2d 14) (2007) (citation omitted).

In this case, the trial court's attempt to extend indefinitely the time that Scherer was required to keep the business account open was an improper modification of the parties' agreements. The express terms of the amended settlement agreement required Scherer to allow the use of her name and account number until July 3, 2008. The asset transfer agreement required her to maintain the business checking account that was in her name for a period of 30 days after the execution of the agreement, which occurred on December 8, 2008. As required by the plain language of these agreements, Stamen continued to use Scherer's name and account through July 2008, and she kept the doing-business-as account open for 30 days after the execution of the asset transfer agreement. In fact, she maintained the checking account until July 13, 2009, which was a year after her ownership interest in Stamen ended and six months after the deadline set in the asset transfer agreement. In finding that Scherer violated the parties' agreements by failing to keep the business checking account open until all claims filed under her Medicare number were finally resolved, the trial court impermissibly modified those agreements.

Since Scherer had the right to close the checking account, she did not interfere with Stamen's operations by contacting the bank,

withdrawing the account balance, or acting as a representative of Stamen. Although the trial court found that Scherer's communication with the bank to cancel the account violated the divorce decree, she was obligated under the decree to take certain actions to extricate herself from the business, such as executing documents. By necessity, these actions required her to function as a representative of Stamen, regardless of when the activity took place. Because Scherer did not violate the terms of the divorce decree, amended settlement agreement, or asset transfer agreement in closing the checking account in July 2009, the trial court abused its discretion in holding her in criminal and civil contempt. See *Farris v. Farris*, 285 Ga. 331 (676 SE2d 212) (2009).

2. Since the award of damages and attorney fees is based on the erroneous finding of contempt, we also reverse their grant. The remaining enumeration of error and motion to strike are moot.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 7, 2012.

*Claeys, McElroy & McGruder, John P. Claeys*, for appellant.
*John T. Garcia*, for appellee.