**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 5, 2019**

# In the Court of Appeals of Georgia

A18A1654. JOHNSON v. JOHNSON.

MCMILLIAN, Judge.

In August 2013, appellant Gerald K. Johnson, Jr. ("Gerald") and appellee Diane Johnson ("Diane") were granted a divorce in a Final Judgment and Decree of Divorce, which incorporated the parties' settlement agreement setting out the terms of the custody and support of their children ("Divorce Decree"). In November 2015, Diane filed a contempt petition against Gerald, alleging, among other things, that he was in contempt of the provision governing visitation and support of the parties' adult son R. J., who has Down Syndrome. Following an evidentiary hearing, which was not transcribed, the trial court entered an order finding Gerald in contempt, ordered him to abide by the provisions of the Decree that required him to pay 70 percent of the caretaker costs for R. J. while Diane was working, and awarded Diane $3,603.61 for

previously incurred costs. Gerald appeals, challenging the findings of contempt and the evidentiary basis for the trial court's award of caretaker costs. As more fully set forth below, we now reverse in part and affirm in part.

1. In related enumerations, Gerald argues that the trial court erred by mandating visitation with his adult son and by finding him in contempt for failing to exercise his visitation rights. "Before a person may be held in contempt for violating a court order, the order should inform in definite terms as to the duties thereby imposed upon him [or her], and the command must therefore be express rather than implied. *Hall v. Nelson*, 282 Ga. 441, 444 (3) (651 SE2d 72) (2007) (citations and punctuation omitted)." (Punctuation omitted.) *Scherer v. Testino*, 291 Ga. 75, 77 (1) (727 SE2d 490) (2012).

As to Gerald's visitation with R. J., provisions (i) and (j) of the settlement agreement provide:

> The Husband shall be entitled to parenting time with [R. J.] on alternating weekends from 6:00 P. M. on Friday through 6:00 P. M. on Sunday. . . . The Husband shall be entitled to parenting time with [R. J.] on each Wednesday (or other mutually convenient weekday) afternoon for dinner.

Under the plain language, Gerald "shall be entitled" to visitation with his son, but nothing in the language of the Decree makes such visitation compulsory. Because Gerald cannot be compelled to visit with his son and he did not violate the terms of the Divorce Decree by failing to exercise his visitation privileges, the trial court abused its discretion in finding Gerald in contempt of the parenting time provision of the Divorce Decree.

However, although the trial court erred by finding him in contempt, the trial court went on to specifically acknowledge that it could not force Gerald to exercise his visitation rights and did not impose any punishment or penalties for his past or future failure to exercise his rights. Thus, the trial court did not, as Gerald contends, mandate that he visit with his son. And while the trial court ordered Gerald to pay 70 percent of any costs Diane might incur from hiring caretakers for R. J. if she worked during the times Gerald had been granted visitation, that award was clearly authorized by the provision of the Divorce Decree pertaining to R. J.'s financial support[1] and was not imposed as a sanction for Gerald's failure to visit with his son or to force compliance with that provision. Accordingly, we reverse that portion of the trial court's order finding Gerald in contempt for failing to exercise his visitation rights,

_____

[1] The court specifically made this award "as per the original agreement."

but because Gerald does not face any sanctions simply for foregoing the opportunity to spend time with his son in the future, and any caretaker costs he may be held partly responsible for during his forfeited visitation time are authorized as part of his enforceable obligation to contribute to the support of his son, the remainder of that provision is affirmed.

2. Gerald also argues that the evidence did not support the trial court's imposition of an award against him for failure to pay caretaker costs because Diane failed to present sufficient evidence that the costs were actual or necessary to her employment. We are unable to review this contention. As the trial court stated in the order, the award was based on the testimony of the parties and the evidence presented at the hearing. However, the proceedings were not transcribed, the exhibits introduced at the hearing cannot be located, and Gerald has not attempted to utilize any authorized means to recreate the evidence. In the absence of the transcript or the exhibits presented at the hearing, we are unable to review Gerald's challenge to the sufficiency of the evidence, assume that sufficient competent evidence supported the trial court's findings and award, and affirm the imposition of caretaker costs. E.g., *Barnwell v. TPCII, LLC,* 295 Ga. 153, 154 (758 SE2d 281) (2014) (because review of the transcripts was required to "sort out" the appellant's claims, the trial court was

4

affirmed); *Blue v. Blue*, 279 Ga. 550, 550 (1) (615 SE2d 540) (2005) ("the final hearing was not transcribed and, in the absence of a transcript of the evidence, we must presume that the evidence supports the judge's findings."); *Leitzke v. Leitzke*, 239 Ga. 17, 18 (1) (235 SE2d 500) (1977) ("Unless some authorized means is used to bring the evidence to this court on appeal, we cannot determine whether enumerations of error, which require consideration of the evidence, have any merit or not.") (citation and punctuation omitted.)

3. Finally, we decline to impose a frivolous appeal penalty as Diane requests in her brief on appeal. Our Rules plainly provide that all motions must be filed as separate documents, and our Rules specifically prohibit the filing of motions or responses thereto in the body of the parties' briefs. See Court of Appeals Rule 41 (b). Accordingly, we decline to consider the merits of Diane's request.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Reese, J., concur*.